[No. 4,443.]

THE PEOPLE, BY JOHN L. LOVE, ATTORNEY-GENERAL, EX REL. GEORGE C. PARKINSON, *v.* JAMES L. BISSELL.

OFFICE FILLED BY APPOINTMENT. — A person who held an office in this State by appointment of the Governor before the Codes took effect, which office was continued by the Political Code, is entitled, even if the term of the office has expired, to continue to discharge its duties until his successor has qualified.

SUCCESSOR OF AN OFFICER.—A person does not become the successor of another in an office filled by the appointment of the Governor, which requires the confirmation of the Senate under section 368 of the Political Code, until his appointment has been thus confirmed.

VACANCY IN OFFICE.—If the term of the incumbent of an office, filled by an appointment of the Governor, which requires the confirmation of the Senate, has expired, but he still continues to discharge its duties, there is no such vacancy in the office as will authorize the Governor to fill it by the appointment of a successor, without the consent of the Senate first had.

IDEM.—If an office filled by appointment of the Governor requires the confirmation of the Senate, such a vacancy therein as will authorize the

Governor to fill the same, without the consent of the Senate, can be caused only by the death or resignation of the incumbent, or by the happening of some other event, by reason of which the duties of the office are no longer discharged.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

This was an information filed by the Attorney-General in which it was alleged that the defendant was an usurper and intruder into the office of "Inspector of Gas Meters" in the City and County of San Francisco, and that the relator was entitled to the same. Judgment was asked excluding the defendant from the office, and declaring that the relator was entitled to it. The information was filed on the 27th of July, 1874. The defendant was appointed to the office by the Governor, on the 29th day of November, 1871, and, on the 1st day of December following, qualified and took possession of the office, and continued to perform its duties from that time forward. On the 7th of July, 1874, the Governor appointed the relator as his successor. On the 9th day of July, 1874, he took the oath, and filed a bond and qualified; and, on the 13th of July following, demanded possession of the office from the defendant, who refused to comply with the demand. The relator's appointment was not sent to the Senate for confirmation, as that body was not in session. The Court below held that there was a vacancy in the office, and that, as it occurred during the recess of the Legislature, the appointment did not require the consent of the Senate, and gave judgment for the relator. The defendant appealed.

The other facts are stated in the opinion.

*Cameron H. King* and *H. H. Haight,* for the Appellant.

Bissell is entitled to the office of inspector of gas meters. Bissell was legally appointed under the statute of 1863. (Hittell, p. 3339.)

The Code provides that the term of office of the inspector shall be two years (Pol. Code, secs. 368 and 369). It is more than two years since Bissell was appointed, but the

Code also provides that Bissell shall continue to discharge the duties of his office until his successor is qualified (Pol. Code, Sec. 879).

The contingent extension of Bissell's term (that he holds until his successor is qualified) is as much a part of his term as is the two years clause. (*People* v. *Whitman*, 10 Cal. 44.)

Parkinson is not a qualified successor. The appointment of the inspector of gas meters is made by the Governor, with the consent of the Senate (Pol. Code, Sec. 368). Parkinson is not entitled to the office until the consent of the Senate is actually given. (*People* v. *Cazenau*, 20 Cal. 507; *People* v. *Tilton*, 37 Cal. 619; *Watkins* v. *Watkins*, 2 Maryland, 354; *Taylor* v. *Hebden*, 24 Maryland, 202; *People* v. *Molyneaux*, 53 Barbour, 9; *People* v. *Molyneaux*, 40 New York, 115; *Tappan* v. *Gray*, 9 Paige, 510; *People* v. *Carrique*, 2 Hill, 93; *Field* v. *People*, 2 Scammon, Ill., pp. 107 and 108.)

These authorities settle the question that an appointment which requires the consent of the Senate cannot be made by the Governor alone. It is only in case of a vacancy that the Governor alone can fill the office of gas inspector, and he does this under section 1000 of the Political Code.

There was no vacancy in the office of inspector of gas meters when the Governor commissioned Parkinson. Bissell held until his successor was qualified. (Pol. Code, Sec. 879.) Bissell was actually in the office and discharging the duties thereof. If Bissell was filling the office, as is admitted then as a fact, it cannot be said to be empty or vacant. Vacancy, says this Supreme Court, is a fact to be determined as other facts are determined. (*People* v. *Wells*, 2 Cal. 204.)

The Political Code, section 996, defines vacancy. The office of inspector is not vacant under any of these definitions. This legislative definition of vacancy excludes all others. (*People* v. *Whitman*, 10 Cal. 45; *Lee* v. *Evans*, 8 Cal. 431.)

It has been settled by this Court that in such a case as the present, no vacancy occurs which the Governor is authorized to fill. (*People* v. *Tilton*, 37 Cal. 619; *People* v. *Whitman*, 10 Cal. 44; *People* v. *Stratton*, 28 Cal.)

The District Court, however, found that a vacancy was

created in the office. This we claim is error. The office of inspector of gas meters was continued by sections 577 to 584, and by section 368 of the Political Code. The codes, so far as they are the same as previous statutes, are to be construed as continuations thereof, and not as new enactments. (Pol. Code, Sec. 5.)

The last cited section preserved the tenure of the incumbent in office, and was intended to prevent any sudden changes, and to retain in office all those who held office under any of the previous statutes.

The effect of section 5, of Political Code, was that the duties of the officers, and their tenures, would be prescribed by the Code, and not by the old law. Section 6, therefore, was a limitation upon section 5, Political Code, for instead of all officers holding under the tenure of the code as section 5 would imply, section 6 provides that all the officers, except appointed officers, shall hold according to the tenure of the old laws.

We maintain that the proper construction of section 6 is as follows: "All persons, who at the time this code takes effect, hold office under any of the Acts repealed, continue to hold such offices according to the tenure thereof (*i. e.*, according to the tenure of the old law), except * * those persons holding offices filled by appointment (and these persons shall not hold according to the tenure of the old law, but according to the tenure provided for in the code.)

*Estee & Boalt*, for the Respondent.

There was a vacancy in the office when the Governor made the appointment. The Act of 1863 fixed the term at four years and until a successor was appointed, and but for subsequent legislation Bissel would have been entitled to the office until November 29, 1875, and until a successor was appointed. But the Act of 1863 was repealed by the Codes, and this repeal would have legislated Bissel out of office, but for the provisions of section 6 of the Political Code (before the late amendments). This section is as follows:

Section 6. "All persons who, at the time this Code

takes effect, hold office under any of the Acts repealed, continue to hold the same according to the tenure thereof, except those offices which are not continued by one of the Codes adopted at this session of the Legislature."

The office of Inspector of Gas Meters was substantially continued by the Political Code. (Secs. 343, 368, 369, 577, *et seq.*) But the office under the Code is filled by appointment of the Governor, with the consent of the Senate, and the term is shortened from four years and until a successor was appointed, to a period certain, viz, to two years. The old successor clause is omitted. (Secs. 368 and 369.)

It is conceded, therefore, that under section 6, as it stood before the amendment, Bissel was entitled to hold the office according to the tenure prescribed in the original Act of 1863. But the last Legislature amended section 6 by adding to it the words " and excepting offices filled by appointment."

We maintain that this amendment took Bissel's office out of the operation of the continuing clause in section 6, and exposed it to the whole force of the repealing clause of the Code as contained in section 18.

By the Court, WALLACE, C. J.:

Bissel held the office of Inspector of Gas Meters under the Act 1863, and his term of office under that statute, being four years, would have expired on the 29th day of November, 1875. Though the Act of 1863 was repealed, the office he held was, nevertheless, continued by the Political Code. If we assume that he was not continued in office under section 6 of the Political Code, as amended in March, 1874, because the office was one filled by appointment, he is, nevertheless, authorized by section 879 of the same Code to continue to discharge the duties of the office until his successor has qualified. Parkinson is not his successor, because his appointment has not received the consent of the Senate, as required by section 368 of the Political Code. So long as Bissell, therefore, continues to discharge the duties of the office pursuant to the requirements of section 879 of the Code, even though his term of

office has expired, there is no vacancy in the office, in the absolute sense, nor in any sense which would authorize the Governor to fill it without the consent of the Senate first had. Such a vacancy could only be caused by the resignation or death of the incumbent, or some other event by which the duties of the office were no longer discharged at all, in which case, and in order to prevent a failure of the public service, the Governor might appoint during the recess of Senate.

The judgment of the Court below is reversed, and the cause remanded, with directions to render judgment for the defendant pursuant to the specific prayer of the answer.

Rhodes, J., concurring:

If it be held that section 5 of the Political Code is applicable to this case, so that the provisions of the Code in respect to the office of Inspector of Gas Meters are to be regarded as a continuation of the statute of 1863, then Bissell, the then incumbent of the office, would continue to discharge the duties thereof for the term mentioned in the Code, and after the expiration of that term would, by virtue of section 879 of the Political Code, continue to discharge the duties of his office, until his successor was qualified, and in that event the power of the Governor to appoint a successor not having accrued, because there was no vacancy in office which the Governor was authorized by statute to fill, the appointment of Parkinson would be void. But if, on the other hand, it be considered that by the operation of section 18 of the Political Code, the statute of 1863 is to be considered as repealed, then section 6 is applicable to the case, and by its provisions the then incumbent would continue to hold office under that Act "according to the tenure thereof." The word "tenure," as used in this section, is, in my opinion, to be construed as meaning term, the effect of which is to continue the incumbent in office for the period of four years from the time of his appointment. And under that construction—his term not having expired—the Governor had no power to appoint.

Section 6 was amended in 1874 by adding to it the words

"except officers filled by appointment;" and the effect of the amendment was to cut off the term of office of the incumbent, at the time the amendment took effect. That amounted, in effect, to the expiration of his term, within the meaning of section 879 of the Code; and by virtue of that section he would continue to discharge the duties of his office, until his successor was qualified. It results from this that there was no vacancy in the office which the Governor was authorized to fill by appointment.

I concur with the Chief Justice in respect to the kind of vacancy in office which must exist, in order to authorize the Governor to appoint during a recess of the Senate; and I concur in the judgment.

Mr. Justice McKinstry concurred specially in the judgment.