BEDFORD *v.* RICE.

Selectmen may appoint health officers if none are chosen by the town.

In an action to recover a penalty in the name of a town for violating the regulations of its health officers, it is sufficient to show them to have been officers *de facto.*

DEBT, to recover a penalty for violating the regulations of the plaintiffs' health officers, forbidding the maintenance of a nuisance. At the annual meeting of the town no health officers were chosen; and in July of the same year, the selectmen, on the ground that the office was vacant, appointed a board of three health officers, who made and published regulations for the health of the public. They ordered the defendant to remove the nuisance complained of, and, on refusal, directed this suit to be brought. The defendant claimed that there was no legal board of health officers, and that their action was without authority. The court denied a motion for a nonsuit, and the defendant excepted.

*Bartlett & Mills* and *Cross & Burnham*, for the plaintiffs.

*O' Connor* and *Sulloway & Topliff*, for the defendant.

ALLEN, J. The plaintiff town having chosen no health officers, the selectmen were, by law, such officers. Gen. St., c. 37, s. 4. In case of a vacancy in the office the selectmen could appoint. Gen. St., c. 39, s. 1. By appointing others to the office the selectmen resigned it, and a vacancy existed which was filled by the appointment.

It was sufficient that the persons appointed were health officers *de facto.* They were not parties to the suit, and the rights of the public and third persons were in question, and the title to the office could not be contested in this case. *Tucker* v. *Aiken*, 7 N. H. 113, 131; *Blake* v. *Sturtevant*, 12 N. H. 573; *Carr* v. *Dodge*, 40 N. H. 403, 409; *Prescott* v. *Hayes*, 42 N. H. 56, 58; *State* v. *Carroll*, 38 Conn. 449; *Brown* v. *O' Connell*, 36 Conn. 432.

*Exception overruled.*

STANLEY and CLARK, JJ., did not sit.