STATE *ex rel. Wood & a. v.* HADLEY *& a.*

Selectmen cannot lawfully appoint supervisors in case of a failure to elect by the town. No vacancy thereupon occurs, because the old board continue in office until others are chosen and sworn in their stead.

INFORMATION, in the nature of a *quo warranto*, filed by the attorney-general at the relation of Alonzo Wood and two others.

*D. A. Taggart, Briggs & Huse*, and *Jeremiah Smith*, for the relators.

*Chase & Streeter, J. P. Bartlett*, and *O. E. Branch*, for the defendants.

CARPENTER, J. At the biennial election of 1884, the relators were chosen supervisors of the town of Weare. At the election in 1886 the defendants were declared elected, but there was, in fact, no choice. The question is, whether the selectmen can lawfully appoint supervisors.

Supervisors are town officers. *State v. Bean*, 63 N. H. 249.

" Whenever a vacancy shall occur in any town office other than that of selectmen, the selectmen may, in writing, appoint some suitable person to the office." Gen. Laws, *c.* 42, *s.* 6.

" Every town may choose, by major vote, one or more constables, one or more collectors of taxes, surveyors of highways, fence-viewers, a clerk of the market, sealers of weights and measures, a pound-keeper, measurers of wood, surveyors of lumber, cullers of staves, and every other officer who may be directed by law to be chosen, and such other officers as they may judge necessary for managing their affairs, who shall severally perform the duties prescribed by law ; provided, however, that if any town shall neglect or refuse to choose either or any of the above mentioned officers, it shall be the duty of the selectmen of such town, within thirty days thereafter, to fill such vacancy or vacancies by appointment." Gen. Laws, *c.* 40, *s.* 12 ; Laws of 1881, *c.* 29. It is not claimed that the selectmen have authority to appoint supervisors in any case unless it is conferred by one or the other of these statutes.

" All town officers shall continue in office until the next annual meeting for the choice of town officers, and until others shall be chosen and sworn in their stead, except in cases where the law shall otherwise direct." Gen. Laws, *c.* 40, *s.* 14. This provision has been in force since 1791. Act of February 8, 1791, *s.* 3 ; Laws of 1797, *p.* 180 ; of 1805, *p* 197 ; of 1815, *p.* 240 ; act of June 28, 1827, *s.* 7 ; Laws of 1830, *p.* 454 ; Rev. Sts., *c.* 34, *s.* 6 ; Gen. Sts., *c.* 37, *s.* 9. By virtue of it, a vacancy in a town office not excepted from its operation, and once filled by election (*State* v. *Bean,* 63 N. H. 255), cannot happen by reason of a failure to elect. The sole object of the statute was to prevent a vacancy which it was supposed, whether correctly or not, might otherwise arise from that cause. Under it an officer once chosen and sworn continues to hold the office *de jure* not only until the next election, but until another is elected and qualified in his place. *Johnston* v. *Wilson,* 2 N. H. 202, 208. His title to the office is indefeasible, unless he is removed for cause, until the next annual or biennial meeting, at and after which it is determinable by a new election. Gen. Laws, *c.* 42, *s.* 1. To say that an office is vacant while it is in the possession of an incumbent entitled by law to hold it, is a contradiction in terms. It is competent for the legislature to provide that a failure to elect to any office shall constitute a vacancy. Laws of 1881, *c.* 29. The effect of such a provision is to bring the offices to which it applies within the exception of section 14 ; as to them the law "otherwise directs." It may provide that the selectmen shall appoint upon a failure to elect, although there is no vacancy. Laws of 1868, *c.* 1, *s.* 29 ; Gen. Laws, *c.* 87, *ss.* 4, 10, 13 ; *Attorney-General* v. *Burnham,* 61 N. H. 594 ; *Bedford* v. *Rice,* 58 N. H. 446.

If the word " vacancy," as used in other sections of the statutes, includes the case of a failure to elect, it does not necessarily follow

that in section 6 of chapter 42 it is employed in that sense.   One object of the law creating supervisors was to divorce business from politics, and, by depriving the managers of the town's prudential affairs of official power in political matters, to make the choice of selectmen as free as possible from the influence of political partisanship.   Hence the provision that selectmen shall not hold the office of supervisor, and that in case of the death, resignation, or removal of a supervisor, those remaining shall fill the vacancy. Gen. Laws, *c.* 30, *ss.* 1, 3.   A legislative intention to confer upon selectmen the power to appoint to that office is not to be inferred from doubtful or indecisive language.   The question, whether an invariable or general legislative use of the word "vacancy" to designate the case of a failure to elect would require or warrant the same interpretation to be put upon it in *c.* 42, *s.* 6, does not arise.   In making provision for the filling of vacancies in town and school-district offices, and for a failure to elect, the legislature has, with great uniformity, employed language showing decisively its understanding that the latter case is not included in a provision for the former.   Act of February 8, 1791, *ss.* 6, 8 ; Laws of 1821, *c.* 3, *s.* 2 ; Laws of 1827, *c.* 24, *ss.* 8, 10 ; Laws of 1829, *c.* 48, *s.* 2 ; Laws of 1830, *c.* 3 ; Laws of 1833, *c.* 130 ; Rev. Sts., *c.* 36, *ss.* 1, 3, 6—*c.* 55, *s.* 3 ; Laws of 1850, *c.* 993, *s.* 2 ; Gen. Sts., *c.* 37, *s.* 6—*c.* 39, *ss.* 1, 3, 6—*c.* 66, *s.* 5 ; Laws of 1868, *c.* 1, *ss.* 7, 8 ; Gen. Laws, *c.* 40, *s.* 5—*c.* 42, *ss.* 1, 3, 6—*c.* 72, *s.* 5 ; Laws of 1881, *c.* 29, and relating to school-district offices ; Laws of 1827, *c.* 57, *s.* 5 ; Laws of 1829, *c.* 77 ; Laws of 1832, *c.* 101, *s.* 1 ; Laws of 1840, *c.* 574 ; Rev. Sts., *c.* 70, *ss.* 7, 9 ; Comm'rs' Rep. of 1842, *c.* 71, *ss.* 6, 9 ; Gen. Sts., *c.* 79, *ss.* 10, 13 ; Comm'rs' Rep. of 1867, *c.* 80, *ss.* 10, 13 ; Laws of 1868, *c.* 1, *ss.* 29, 30 ; Laws of 1877, *c.* 44, *s.* 2 ; Comm'rs' Rep. of 1878, *c.* 82, *ss.* 4, 10, 13 ; Gen. Laws, *c.* 87, *ss.* 4, 10, 13.

Section 12, *c.* 40, Gen. Laws, as amended by *c.* 29, Laws of 1881, has no application to supervisors.   Although the sweeping clause is broad enough to include them as well as all other town officers, it must be restricted in its application to officers of the same class as those specifically mentioned, that is to say, to annually elected officers who are not required to be elected by ballot, and in the choice of whom the check-list need not be used.   The town-clerk, assessors, and treasurer are not included, because they must be elected by ballot.   Gen. Laws, *c.* 40, *ss.* 1, 3, 5.   Supervisors are not included, because they are elected biennially, and in choosing them the check-list must be used.   Gen. Laws, *c.* 30, *ss.* 1, 10.

In default of an election at the biennial meeting, supervisors hold over and are officers *de jure* until others are elected in their places.   The selectmen have in such case no power and no occasion to fill the office by appointment.

*Judgment of ouster.*

ALLEN, J., did not sit : the others concurred.