8311

STATE *EX REL.* LYON, ATTORNEY GENERAL, v. BOWDEN.

1. OFFICERS — MAGISTRATES — CONSTITUTION — GENERAL ASSEMBLY.—The Constitution does not provide for filling vacancies in the office of magistrate; but the General Assembly under its general legislative power has provided for filling such vacancies by section 254 of the Code of 1902, which provides that the governor may appoint to fill a vacancy in the office of magistrate until the next meeting of the General Assembly, but the power is limited to recess vacancies.

2. IBID.—IBID.—One appointed to the office of magistrate by the governor by and with the advice and consent of the Senate holds the office for two years and until his successor has been appointed by the governor by and with the advice and consent of the Senate and has qualified and there is no vacancy in the term of office of one so appointed until his successor has been appointed, confirmed and qualifies.

3. IBID.—CONSTITUTIONAL LAW.—There is no conflict between the provisions of section 20 of article V, and section 11 of article I, of the Constitution, relating to the terms of officers, as the latter providing that no person shall be appointed or elected to office for life or good behavior was intended to abrogate the rule once in force in this State that certain offices might be held for life or good behavior.

MR. JUSTICE WATTS, *with whom concur the* CHIEF JUSTICE *and* CIRCUIT JUDGE SEASE, *think none of the respondents are lawful magistrates.*

Four actions in this Court by the Attorney General, J. Fraser Lyon, against: (1) J. M. Bowden and A. H. Kirby; (2) S. S. Tiner and D. T. Gossett; (3) W. R. Tanner and E. Potter; (4) T. O. Fowler and W. C. Harrison.

These cases were referred to the Court *en banc* by order of this Court on June 7, 1912.

*Attorney General J. Fraser Lyon, Assistant Attorney General DeBruhl* and *Solicitor J. C. Otts,* for the State. *Mr. DeBruhl* cites: 89 S. C. 113; 90 S. C. 355; 50 Miss. 607; 307 Am. 934; 56 N. W. 142; 2 Md. 354; 9 Pa. Ch. 506.

*Mr. Wm. McGowan,* for Bowden.

*Mr. C. P. Sanders,* for Kirby.

September 14, 1912. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In these actions instituted by the attorney general under chapter 2, title 13, of the Code of Procedure, is to be determined the tenure by which a magistrate holds office under the Constitution and statutes of the State. The complaints, which are substantially the same in all the cases, allege that under commissions issued by the governor, without authority of law, certain of the defendants have undertaken to exercise the duties of the office of magistrate in Spartanburg county in the place of magistrates whose terms of office have not expired, namely: J. M. Bowden in the place of A. H. Kirby, S. S. Tiner in the place

of D. T. Gossett, W. R. Tanner in the place of E. Potter, and T. O. Fowler in the place of W. C. Harrison.

The Court is asked to adjudge that A. H. Kirby, D. T. Gossett, E. Potter and W. C. Harrison are lawful magistrates, and that the defendants, J. M. Bowden, S. S. Tiner, W. R. Tanner and T. O. Fowler, be excluded from the offices they claim, and that each of them pay the costs of the proceedings against him, and a fine not exceeding two thousand dollars. An order was made requiring the defendants to show cause why the relief asked in the complaint should not be granted. There were returns and demurrers thereto, but there is no controversy as to the facts.

Kirby, Gossett and Potter were appointed magistrates in Spartanburg county and their appointments confirmed by the Senate in February, 1909. No appointments were sent to the Senate at the session 1911, but in February, 1911, after the adjournment of the Senate his Excellency, the governor, undertook to appoint as successors to Kirby, Gossett and Potter the defendants Bowden, Tiner and Tanner. These appointments were submitted to the Senate at its session in 1912, and the Senate refused to confirm them. W. C. Harrison was appointed by the Governor magistrate in Spartanburg county in 1910 and his appointment was confirmed by the Senate at the session of 1910. On 29th of February, 1911, after the adjournment of the Senate, the Governor undertook to appoint the defendant T. O. Fowler as successor to Harrison. This appointment was submitted to the Senate at the session of 1912, and the Senate refused to confirm it.

The authority of the Governor to appoint magistrates is conferred and limited by the Constitution, and if the appointments of Bowden, Tiner, Tanner and Fowler were not made in accordance with that authority they were of no effect. The principle is universally recognized that the Governor of a State has no inherent power of appointment to office and that his power must be found

in the Constitution or statutes of the State.  *Elledge* v. *Wharton,* 89 S. C. 113; *Bruce* v. *Matlock* (Ark.), 111 S. W. 990; Throop on Public Officers, sec. 362; 8 Cyc. 857.

After a review of the cases the principle deduced is thus stated in the note to *People* v. *Freeman* (Cal.), 13 Am. St. 130:

"The truth is that the power of appointing or electing to office does not necessarily and ordinarily belong to either the legislative, the executive or the judicial department.  It is commonly exercised by the people, but the legislature may, as the law-making power, when not restrained by the Constitution, provide for its exercise by either department of the government, or by any person or association of persons whom it may choose to designate for that purpose.  It is an executive function when the law has committed it to the executive, a legislative function when the law has committed it to the legislature, and a judicial function, or at least a function of a judge, when the law has committed it to any member or members of the judiciary."

What, then, is the limitation placed by the supreme law of the State on the power of the Governor to appoint magistrates?  The Constitution thus provides for magistrates as officers of the judicial department of the State government:

"A sufficient number of magistrates shall be appointed and commissioned by the Governor, by and with the advice and consent of the Senate, for each county, who shall hold their offices for the term of two years and until their successors are appointed and qualified."   Article V, section 20.

Since this supreme law which confers on the Governor the power of appointment expressly limits and conditions that power on the advice and consent of the Senate, it is clear beyond controversy that an appointment for the full term provided by the Constitution without the advice and consent of the Senate is beyond the power of the Governor and without effect.  *State* v. *Howe,* 25 Ohio 588, 18 Am. Rep. 321; *People* v. *Bissell,* 49 Cal. 407; *Attorney General* v. *Rareshall,* 32 La. Ann. 934; *Watkins* v. *Watkins,* 2 Md. 354;

*Brady* v. *Howe,* 50 Miss. 607; *Tappan* v. *Gray,* 9 Paige's Ch. 507; *State ex rel. Standish, Attorney General,* v. *Boucher* (N. D.), 56 N. W. 142.

It will be observed that the section of the Constitution above quoted, providing for the appointment of magistrates by the concurrent action of the Governor and the Senate and fixing the term, does not provide for temporary vacancies in the office by resignation, death, removal or other cause. The only section of the Constitution relating to the filling of vacancies in judicial offices is section 11 of article V, which provides:

"All vacancies in the Supreme Court or inferior tribunals shall be filled by elections as herein prescribed: *Provided,* That if the unexpired term does not exceed one year such vacancy may be filled by executive appointment. All judges, by virtue of their office, shall be conservators of the peace throughout the State; and when a vacancy is filled by either appointment or election, the encumbent shall hold only for the unexpired term of his predecessor."

This section, by its terms, relates exclusively to elective judicial officers, for it provides that all vacancies shall be filled by election. The "unexpired term" referred to, then manifestly means the term which will expire at the next election. The impossibility of making this section, relating to elective judicial officers, fit the office of magistrate, which is not elective, but filled by the Governor's appointment and the Senate's confirmation, is too manifest to require elaboration.

As it thus appears that the Constitution does not provide for the filling of vacancies in the office of magistrate, there can be no doubt of the authority of the General Assembly, under its general legislative power, to provide for filling such vacancies occurring while the Senate is not in session. The principle is stated in *McAllister* v. *U. S.,* 141 U. S. 174, 35 Law. Ed. 693, and many other cases, and the exact point was decided in *Tappan* v. *Gray,* 9 Paige N. Y. Ch. 506.

The General Assembly in the exercise of this power has by section 254 of the Civil Code authorized the Governor to fill by appointment vacancies "in any of the offices of any county of the State, whether from death, resignation, disqualification, refusal or . neglect to qualify of the person elected or appointed thereto, expiration of the term of office, removal from the county or any other cause; * * * and if it be an office which was filled originally by appointment, until the adjournment, of the General Assembly at the regular session next after such appointment."

The office of magistrate falls under this statute. Section 624 provides for the appointment of magistrates and other officers by the Governor, by and with the advice and consent of the Senate, and enacts further with respect to vacancies that "any vacancy which may happen in any of said offices during the recess of the Senate may be filled by the Governor, who shall report the appointment to the Senate at its next session, and if the Senate do not advise and consent thereto at such session, the office shall be vacant."

No one will doubt that under these statutes the Governor's power of appointment without the advice and consent of the Senate is limited to vacancies occurring during a recess of the Senate and that the appointment ceases to be of force if the Senate at its next session fails to confirm it.

The appointments in the cases now under consideration were made by the Governor without the advice and consent of the Senate; and they were without effect because when they were made there were no vacancies in the office. The length of the term of office of magistrate is specifically ordained by the Constitution to be "two years and until their successors are appointed and qualified." Therefore, one who is appointed to the office of magistrate by and with the advice and consent of the Senate holds the office until the expiration of two years, and until his successor has been appointed by the Governor by and with the advice and consent of the Senate and has qualified. Unless

the words "until their successors have been appointed and qualified" are to be erased from the Constitution, the time which may elapse between the expiration of the two years and the actual appointment by and with the advice and consent of the Senate and the qualification of the successor is as much a part of the specific term of office fixed by the Constitution as the two years. The failure of the Governor to appoint, or of the Senate to act upon the appointment, or the rejection by the Senate of the appointment of the Governor does not create a vacancy. On the contrary, it was the clear intention of the framers of the Constitution to provide against the inconvenience to the people of a vacancy arising from the failure of due appointment by the Governor and confirmation by the Senate of a successor in the office at the expiration of the two years.

To take any other view would be not only to erase words from the Constitution, but to attribute to the constitutional convention and the General Assembly the purpose to empower the Governor to exercise sole control of the appointment of magistrates of the State in total disregard of the constitutional safeguard that his appointment shall be subject to the advice and consent of the Senate.

The manner in which such sole control could be exercised is obvious. Upon the expiration of the term of two years, the Governor could refuse to appoint and submit to the Senate for confirmation. If it were true that the office then became vacant on the adjournment of the Senate, the Governor could, under the statutes, appoint to the vacancy and the appointee would hold until the Senate should act upon the appointment at its next session. If the appointment should be rejected by the Senate or not submitted to the Senate, the Governor could again refuse to submit an appointment to the Senate, and again after its adjournment, appoint to the vacancy. This process could be continued indefinitely to the complete subversion of the Constitution

and the destruction of the checks on the executive power which the Constitution has so clearly ordained.

No citation of authority can make the matter plainer than the words of the Constitution, but we think it safe to say that the Courts have held with complete unanimity that, when a term of office is fixed by law at a term of years and until the appointment or election and qualification of a successor, the term of the encumbent does not end and there is no vacancy until the expiration of the time named and the appointment or election and qualification of his successor. *State* v. *Hadley,* 64 N. H. 473; 13 Atl. 643; *State* v. *Metcalf,* 80 Ohio 244, 88 N. E. 738; *State* v. *Boucher* (N. D.), 56 N. W. 142; *People ex rel. Parsons* v. *Edwards* (Cal.), 28 Pac. 831; *Carr* v. *Wilson* (W. Va.), 9 S. E. 31; *State* v. *Harrison* (Ind.), 16 N. E. 384.

It has been suggested, however, that the provisions of section 20, article V, of the Constitution, that magistrates shall hold beyond the two years until their successors are appointed and qualified is inconsistent with and must yield to section 11, article I, which provides that "no person shall be elected or appointed to office in this State for life or during good behavior, but the terms of all officers shall be for some specified period, except notaries, public and officers in the militia." There is no inconsistency in the two provisions. Prior to the adoption of the Constitution of 1895 offices in this State might be held during good behavior. The purpose of section 11, article I, was to change this rule and make the term a limited one so as to make officeholders more amenable to the elective or appointive power. It would be most unreasonable to impute to the constitutional convention a purpose to give to the expression "some specified period" a meaning so narrow as to prohibit any legislative provision against the inconvenience arising from vacancies in public office, which would occur if the encumbent could not be allowed to hold until the appointment or election and qualification of his successor.

Such a construction of the Constitution is impossible. The convention could not have meant to prohibit itself and the General Assembly from doing that which it later in the same Constitution actually did in providing that the governor, and the Justices of the Supreme Court, should hold their office for the number of years mentioned and until their successors should be elected and qualified and that magistrates should hold their offices for two years and until their successors should be appointed and confirmed and should qualify.

But even if the two provisions were inconsistent no principle of construction is better settled, both by authority and reason, than this: Where, in a legislative enactment, a special provision is made as to a subject which would otherwise be embraced in a general provision on the same subject the special provision is held to be an exception, and not intended to be embraced in the general provision. Enlich on Statutes, sec. 399; 36 Cyc. 1151.

From these considerations the conclusion is inevitable that there were no vacancies when the Governor attempted to appoint without the advice and consent of the Senate, that the appointments were without authority of law and were of no effect.

The term of office of Kirby, Gossett and Potter extended from their appointment, with the advice and consent of the Senate, in February, 1909, for two years and until their successors should be appointed by the Governor, by and with the consent of the Senate, and should qualify. The Constitution and statute law of the State provide that the Governor should appoint their successors and submit the appointments to the Senate for its consent and advice at the expiration of two years from February, 1909, that is at the session of the Senate in 1911 and the session of 1912. It is thus evident that there has been no appointment of successors to these magistrates by and with the advice and consent of the Senate, that their terms of office had not expired

26—92

and the offices were not vacant when the Governor undertook to appoint, without the advice and consent of the Senate and during a recess, Bowden, Tiner and Tanner as magistrates, that these last appointments were of no effect, and that Kirby, Gossett and Potter are still lawful magistrates of Spartanburg county. By the same reasoning it results, that the appointment of Fowler as successor to Harrison was without authority of law, and that Harrison is still the lawful magistrate.

The judgment of this Court, therefore, is that A. H. Kirby, D. T. Gossett, E. Potter and W. C. Harrison are lawful magistrates of Spartanburg county, and that the defendants, J. M. Bowden, S. S. Tiner, W. R. Tanner and T. O. Fowler, be excluded from the office of magistrate, and that they pay the costs of these proceedings.

MESSRS. JUSTICES HYDRICK *and* FRASER *and* CIRCUIT JUDGES GAGE, PRINCE, WILSON, DEVORE, RICE, SPAIN *and* FRANK B. GARY *concur.*

MR. JUSTICE WATTS, *dissenting.* These cases were heard together in the original jurisdiction of the Court, upon a rule to show cause issued by the Chief Justice upon verified complaints, and the pleadings in the cases, complaints, answers and returns and demurrers to answers and returns are substantially the same and raise the same questions, so it is only necessary to set out the pleadings in the first case. The complaint is as follows:

The plaintiff above named respectfully shows to the Court:

I. "That he is informed and believes that one J. M. Bowden has, since the 22d day of February, 1911, been exercising and still is exercising the power and duties of the office of magistrate for the county of Spartanburg, in the city of Spartanburg, without legal appointment or authority therefor.

II. "That A. H. Kirby was, on the 5th day of February, 1909, duly appointed by the Governor magistrate for the county of Spartanburg, in the city of Spartanburg, and on the 8th day of February, 1909, his appointment to said office was regularly confirmed by the Senate of said State, and he was duly commissioned as said magistrate.

III. "That the said A. H. Kirby at once entered upon the discharge of the duties of said office, and has since continuously discharged the duties thereof, and is now exercising the powers and discharging the duties of said office under and by virtue of the appointment and commission aforesaid.

IV. "That on the 20th day of February, 1911, the Governor of this State without recommendation of the senator or members of the House of Representatives from Spartanburg county unlawfully appointed J. M. Bowden to be magistrate for the county of Spartanburg, in the city of Spartanburg (this being the office held by A. H. Kirby), and on the 22d day of February, 1911, issued to him a commission as magistrate aforesaid; that said appointment has never been submitted to the Senate for approval and has not been confirmed by the Senate.

V. "That the said J. M. Bowden under the said commission so unlawfully issued to him as magistrate aforesaid, and without the consent and approval of the Senate as required by section 20, article V, of the Constitution, and without any other or legal warrant, right or grant whatsoever, has undertaken to exercise the powers and duties of said office, and has since that time continuously exercised the powers and duties notwithstanding the fact that the said A. H. Kirby was legally appointed and commissioned as magistrate for the county of Spartanburg, in the city of Spartanburg, as provided by section 20, article V, of the Constitution, and was at the time of the attempted appointment of J. M. Bowden, and is now holding said office and lawfully exercising the powers and performing the duties thereof.

VI. "That no appointment of a successor to the said A. H. Kirby has ever been confirmed by the Senate, nor has any legal appointment of a successor to the said A. H. Kirby been made.

"Wherefore, the plaintiff prays that this Court in the exercise of its original jurisdiction issue its order against the said J. M. Bowden and A. H. Kirby, the defendants, requiring them to answer and show by what authority they claim to hold and exercise the duties of said office of magistrate for the county of Spartanburg, in the city of Spartanburg.

"That it be adjudged that the said J. M. Bowden is guilty of unlawfully exercising said office of magistrate, and that he be excluded therefrom.

"That the said J. M. Bowden be required to pay the cost of the proceeding together with such fine, not to exceed two thousand ($2,000) dollars, as the Court may adjudge.

"That the said A. H. Kirby be adjudged to be entitled to the said office and that he be allowed to continue to hold the same and exercise the powers and duties thereof."

The answer and return of A. H. Kirby, one of the defendants above named, is as follows:

I. "This defendant respectfully says, that no copy of the complaint has been served upon him, and he is, therefore, unable to say whether he formally admits or denies the allegations thereof, but in so far as he is informed, he believes the allegations are true.

II. "This defendant further says, that he was regularly appointed and commissioned and sworn in as a magistrate in and for the county of Spartanburg, on or about the day of February, 1909, his office being in the city of Spartanburg. That he is informed and believes, no one has been legally appointed to succeed him, and that he has been performing the duties of said office of magistrate ever since his appointment and qualification, and claims the right to hold and exercise the duties of said office and to collect the

salary and fees belonging to the same until some one has been duly appointed, commissioned and sworn in as his successor.

"Wherefore, this defendant prays that the complaint be dismissed as to him."

The answer and return of J. M. Bowden, the other defendant above named, is as follows:

I. "That he admits paragraph I, as to exercising the duties of magistrate for Spartanburg county, and no other part thereof.

II. "That the defendant has no knowledge of paragraph II of the complaint.

III. "That the defendant is informed that A. H. Kirby has been exercising the authority of magistrate, but has no knowledge of the legality of the same.

IV. "That the defendant replying to paragraph IV says that he was duly commissioned by the Governor of South Carolina on the 22d day of February, 1911, as magistrate for Spartanburg county and directed to exercise the duties thereof and has no knowledge whether the appointment was brought before the Senate or not.

V. "That defendant replying to paragraph V of the complaint denies that he is unlawfully exercising the duties of magistrate.

VI. "That defendant replying to paragraph VI of the complaint alleges that he was duly appointed magistrate for Spartanburg county as stated in paragraph I, and knows nothing about the appointment of A. H. Kirby.

"Wherefore, the defendant demands that the complaint herein be dismissed with costs."

The demurrer to the answer and return of J. M. Bowden by the Attorney General is as follows:

"Now comes the plaintiff herein and demurs to the answer and return of the defendant J. M. Bowden upon the ground that it fails to state facts sufficient to constitute a defense, in that:

1. "It admits all the material allegations of the complaint.

2. "It fails to deny that the appointment of J. M. Bowden as magistrate was not confirmed by the Senate.

3. "It fails to set up any facts by way of affirmative defense."

It will be seen that A. H. Kirby was appointed magistrate on February 5, 1909, and on February 8, 1909, his appointment was confirmed by the Senate. J. M. Bowden was appointed and commissioned by the Governor to this same office on February 22, 1911. D. T. Gossett was appointed magistrate on February 5, 1909, and his appointment confirmed by the Senate on February 8, 1909, and on February 22, 1911, S. S. Tiner was appointed by the Governor and commissioned to the same office. E. Potter was appointed magistrate on February 8, 1909, and his appointment was confirmed by the Senate. On February 28, 1911, W. R. Tanner was appointed and commissioned by the Governor to the same office. On February 19, 1910, W. C. Harrison was appointed a magistrate (to fill out the unexpired term of R. L. Pearson, resigned) and commissioned as such on March 4, 1910, and on February 27, 1911, T. O. Fowler was appointed and commissioned as magistrate for the same office. It was conceded at the hearing of the causes that Bowden's, Tiner's, Tanner's and Fowler's appointments had never been confirmed by the Senate, and that the legislature had adjourned and was not in session after their appointments until 1912. There is no evidence that Harrison's appointment was confirmed by the Senate.

Section 20, article V, of the Constitution, contains this provision: "A sufficient number of magistrates shall be appointed and commissioned by the Governor by and with the advice and consent of the Senate for each county who shall hold their office for the term of two years and until their successors are appointed and qualified." After the adoption of the Constitution a statute was enacted provid-

ing that "the Governor shall have authority by and with
the advice and consent of the Senate to appoint magistrates
in each county of the State, who shall hold their office for
the term of two years and until their successors are
appointed and qualified. Such magistrates may be sus-
pended by the Governor for incapacity, misconduct or neg-
lect of duty; and the Governor shall report any suspension
with the cause thereof to the Senate at its next session for
its approval or disapproval." Code of Laws, sec. 982.
Also that "the Governor shall have authority by and with
the advice and consent of the Senate to fill any vacancy
caused by death, removal or otherwise of any magistrate
for the unexpired term." Code of Laws, sec. 983. Also,
"in the event of a vacancy at any time in any of the offices
of any county of the State, whether from death, resigna-
tion, disqualification, refusal or neglect to qualify of the
person elected or appointed thereto, expiration of the term
of office, removal from the county or from any other cause,
the Governor shall have full power to appoint some suitable
person, who shall be an elector of the county, and, upon
duly qualifying according to law, shall be entitled to enter
upon and hold the office to which he has been appointed, if
it be an elective office, until the next general election, when
an election shall be held to fill the unexpired term, and the
officer so appointed or elected shall hold said office for the
term of said election or appointment, and until his successor
shall qualify; and if it be an office which was filled orig-
inally by appointment, until the adjournment of the Gen-
eral Assembly at the regular session after such appoint-
ment; and shall be subject to all the duties and liabilities
incident to said office during the term of his service therein."
Code of Laws, sec. 254. Also, "that the Governor by and
with the advice and consent of the Senate shall appoint the
following officers: * * * magistrates, * * * Any vacancy
which may happen in any of the said offices during the
recess of the Senate may be filled by the Governor, who

shall report the appointment to the Senate at its next regular session, and if the Senate do not advise and consent thereto at such session, the office shall be vacant." Code of Laws, sec. 624. Also, "that the following officers shall be appointed by the Governor * * *. Any vacancy in a county office, by reason of death, resignation, refusal or neglect to qualify of the person elected or appointed thereto, expiration of the term of office, or any other cause. The person so appointed to hold his office, in all cases in which the office is elective, until the next general election and until his successor shall qualify; and in cases of offices which are originally filled by appointment and not by election, until the adjournment of the session of the General Assembly next after such vacancy has occurred." Code of Laws, sec. 625.

By the quotations above as to the law and an application of facts thereto it will be seen that Kirby, Gossett and Potter, being appointed by the Governor and confirmed by the Senate in 1909, held office until the adjournment of the General Assembly in 1911. Harrison having been appointed in 1910 for an unexpired term, and his appointment being a recess appointment, held until the adjournment of the General Assembly in 1911. There being a vacancy in the offices, the Governor appointed Bowden, Tiner, Tanner and Fowler to these offices, and they were commissioned and were entitled to hold and enjoy the offices until the General Assembly met and their names sent to the Senate for approval and confirmation. The Senate having failed to confirm them they were no longer magistrates, after the adjournment of the General Assembly in 1912. Since February 22, 1911, Kirby has wrongfully held the office of magistrate. Since February 22, 1911, Gossett has wrongfully held the office of magistrate. Since February 28, 1911, Potter has wrongfully held the office of magistrate. Since February 27, 1911, Harrison has wrongfully held the office of magistrate. Since the time in 1912 that the Senate refused to confirm the appointments made

by the Governor of Bowden, Tiner, Tanner and Fowler they have wrongfully held the office of magistrate.

Wherefore, it should be adjudged that each of the defendants herein are guilty of usurping and intruding into, and are unlawfully holding and exercising, the office of magistrate in Spartanburg county, and it should be the judgment of this Court that the defendants be excluded from the office of magistrate, and that the plaintiff recover costs against each defendant.

MR. CHIEF JUSTICE GARY *and* CIRCUIT JUDGE T. S. SEASE *concur.*