8911

SULLIVAN v. KING *ET AL.*

(82 S. E. 408.)

MAGISTRATES. SUSPENSION OR REMOVAL. APPOINTMENT TO FILL VACANCY.

1. An appointment to fill a vacancy supposed to have been created by the suspension or removal of a magistrate is null and void, where no vacancy existed.

2. The attempted suspension or removal of a magistrate from office, without having afforded him an opportunity to be heard on the charges assigned as cause for his removal, is ineffective and creates no vacancy which can be filled by a new appointment.

3. Where a magistrate served to show cause before the Governor why he should not be suspended from the office made return in person, and, with his attorney, attended the hearing before the Governor, who announced that notice would be given before any further action was taken, and the Governor subsequently called a meeting of the members of the House of Representatives for the county of the magistrate, without notice to the magistrate or the senator from the magistrate's county, and at the meeting the magistrate was suspended, the action of the Governor was void.

Before RICE, J., Anderson, December, 1913. Reversed.

MANDAMUS. Proceedings on petition by A. B. Sullivan for writ of mandamus to compel J. Mack King, T. M. Vandiver and J. M. Dunlap, county supervisors and the county board of commissioners of Anderson county, and C. W. McGee, county treasurer, of said county to pay the salary of A. B. Sullivan, claiming to be a magistrate for said county. B. F. Wilson being made a party respondent to the proceedings. From decree adjudging the payment of the salary to the petitioner, B. F. Wilson appeals.

The facts are stated in the opinion.

*Messrs. Bonham, Watkins & Allen* and *Quattlebaum & Cochran,* for B. F. Wilson, appellant, cite: *Magistrate entitled to notice and hearing before removal:* McDowell v. Burnett, 92 S. C. 469; 212 Fed. 275; Civil Code, sec. 1391, 694. *Distinction between suspension and removal:* 92 S. C. 483; 3 L. R. A. 856; 29 Cyc. 1405. *Suspension creates inter regnum but no vacancy:* 23 A. & E. Enc. of L. (2d. ed.) 451; 24 *Id.* 462, note; 27 *Id.* 558, 559; 72 Texas 629; 19 Neb. 444. *Suspension creates no vacancy which can be filled without express grant of power:* Const. 1895, art. IV, sec. 22; Code, sec. 1391; 92 S. C. 399.

*Mr. J. M. Paget,* for petitioner-respondent.

*Mr. Kurtz P. Smith,* for county commissioners and county treasurer, respondents.

July 20, 1914.

The opinion of the Court was delivered by Mr. Chief, Justice Gary.

This is an appeal from an order of the Circuit Court, requiring the fiscal officers of Anderson county to pay the salary of the petitioner, on the ground that he was the duly appointed magistrate during the time mentioned in his petition.

The petition alleges, that on the —— day of April, 1913, Magistrate B. F. Wilson, holding the office of magistrate at Anderson, S. C., was duly suspended from his office by the Governor of the State of South Carolina, after due notice and hearing, and is still suspended from said office.

That on the 23d day of April, 1913, your petitioner was appointed and commissioned by the Governor as a magistrate at Anderson, S. C., in the place of the said B. F. Wilson, so suspended.

The answer of B. F. Wilson to the rule to show cause contains the following allegations:

(1) "That he was appointed to the office of magistrate, at the city of Anderson, S. C., by Governor Blease, by and with the advice and consent of the Senate, and duly confirmed, and was commissioned on the 8th day of February, 1911.

(2) "That no successor to this respondent as magistrate at Anderson, S. C., has ever been appointed, by and with the advice and consent of the Senate, and this respondent at the time set forth in the petition, was holding said office, and still holds the same, under the appointment made by the Governor of this State on February 8th, 1911, as hereinabove set forth.

(3) "That respondent has never been legally suspended from the office of magistrate. That on March 8th, 1913, respondent was served with a rule to show cause before the Governor, on March 13th, 1913, why he should not be suspended from the office of magistrate for Anderson county,

and that he made return to said rule, and in person, with his attorney, attended the hearing of said return before the Governor. That when the return had been heard, the Governor took the papers and stated to respondent's attorney, in the presence of respondent, that before any further action was taken he should have notice. That, thereafter, to wit, on April ——, 1913, the Governor called a meeting of the members of the House of Representatives for Anderson county, which meeting was held at Anderson, S. C., on April ——, 1913, but no notice was given to the senator from Anderson county of said meeting, nor was said senator present at said meeting, nor was he given any opportunity to be present; that no notice was given to the respondent, nor his attorney, of said meeting, and neither the respondent, nor his attorney were present at said meeting, nor were they, or either of them, given an opportunity to be present. That at said meeting, of which respondent had no notice, the Governor heard and received charges against this respondent, the exact nature of which is to this respondent unknown, as they have never been disclosed or submitted to him by the Governor, for any reply or defense respondent might have to make to said charges, and at said meeting the Governor submitted to the said members of the House of Representatives the question of the suspension of respondent as magistrate, stating that he would carry their wishes into effect; and thereafter, in order to carry out their decision, addressed and sent respondent the two letters which are hereto attached, marked exhibits A and B, and the Governor has refused to give the respondent a further hearing."

When the case was called for a hearing before his Honor, the Circuit Judge, the record shows that the following took place:

"At this hearing and before it was commenced, the attorneys for B. F. Wilson inquired of the other attorneys in the cause, in the presence of the Judge, whether they desired to traverse the facts, or any of them, which were stated in the

return of the defendant, B. F. Wilson. To this inquiry said attorneys stated to the Court that they did not traverse any of the facts set forth in the return of the defendant, B. F. Wilson, but that it was in the nature of a demurrer to same. Thereupon the matter was heard by his Honor, Judge Rice, at which said hearing all statements of fact in the said return of B. F. Wilson were deemed and taken as true."

The office of magistrate at Anderson, S. C., was not vacant at the time the petitioner alleges that he was appointed and commissioned by the Governor. *State* v. *Bowden,* 92 S. C. 393, 75 S. E. 866.

The Governor has not the power to suspend a magistrate without first giving him a reasonable opportunity to be heard on the charge of misconduct. *McDowell* v. *Burnett,* 92 S. C. 469, 75 S. E. 873.

The facts stated in the return of B. F. Wilson, to the rule to show cause, are sufficient upon their face to show that he was not afforded a reasonable opportunity to be heard on the charges of misconduct in office; and, the agree-

1, 2    ment of counsel hereinbefore mentioned, is to the effect that the facts alleged in said answer should be deemed and taken as true. Therefore, the action of the Governor, purporting to suspend the incumbent, Wilson, and the appointment of the petitioner, A. B. Sullivan, in his place were null and void.

These conclusions practically dispose of all other questions presented by the exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the petition be dismissed.