22731

George Thomas WOOD, M.D., Appellant v. HILTON HEAD HOSPITAL, INC., Respondent.

(356 S. E. (2d) 841)

Supreme Court

*Andrew N. Safran,* of *Moss, Bailey, Dore & Kuhn,* Beaufort, *for appellant.*

*Joseph R. Barker,* of *Bethea, Jordan & Griffin,* Hilton Head Island, *for respondent.*

Heard May 6, 1987.

Decided June 1, 1987.

HARWELL, Justice:

This is an appeal from the trial court's refusal to require respondent, Hilton Head Hospital, Inc. (Hospital) to reinstate the medical staff privileges of appellant, George Thomas Wood, M.D. We affirm.

The Hospital is a nonprofit organization located on Hilton Head Island. The internal procedures and regulations of the Hospital are set forth in the Medical Staff By-Laws, Rules, and Regulations. Appellant's medical staff privileges were summarily suspended by the Executive Committee of the Hospital's Board of Trustees pursuant to a provision in the By-Laws which states:

> Whenever a practitioner's conduct requires that immediate action be taken to protect the life of any patient(s) or to reduce the substantial likelihood of immediate injury or damage to the health or safety of any patient, employee or other person present in the hospital, the chairman of the Medical Executive Committee or the chief of service, the Administrator, or the Executive Committee of either the Medical Staff or the Board shall have the authority to summarily suspend the Medical Staff membership status or all or any portion of the clinical privileges of such to become effective immediately upon imposition, and the Administrator shall promptly give special notice of the suspension to the practitioner.

Appellant's privileges were permanently revoked by the Board on May 1, 1986.

Appellant contends that the trial court erred in concluding that it lacked jurisdiction to review the Hospital's actions. It is well settled in South Carolina, and throughout the country, that it is improper for the courts to review the decisions of governing boards of private hospitals concerning the staff privileges of practitioners. This Court adopted the majority rule many years ago in the case of *Strauss v. Marlboro County General Hospital,* 185 S. C. 425, 194 S. E. 65 (1937). In the recent decision of *Gowan v. St. Francis Community Hospital,* 275 S. C. 203, 268 S. E. (2d) 580 (1980), *cert. denied,* 449 U. S. 1062, 101 S. Ct. 786, 66 L. Ed. (2d) 605 (1980), we affirmed our view that the implementation of the regulations of a private hospital which are initiated to restrict a practitioner's practices are not subject to judicial review. We stated that we would not "depart from the longstanding principle that such action [by the hospital] is not subject to judicial review. (citations omitted)." *Gowan,* 275 S. C. at 204, 268 S. E. (2d) at 581.

Appellant argues that the Hospital is a public or quasi-public institution because 1) the Hospital is exempt from taxation and is affected with public interest or trust; and 2) an initial Beaufort County Bond issue was used to finance construction of the Hospital. We disagree.

Whether a hospital is a public or a private institution must be determined by the circumstances of each case. In discussing the distinction between public and private institutions, the Court of Appeals of Maryland stated:

> A public corporation is an instrumentality of the State, founded and owned by the State in the public interest, supported by public funds, and governed by managers deriving their authority from the State. On the other hand, a corporation, organized by permission of the Legislature, supported largely by voluntary contributions, and managed by officers and directors who are not representatives of the State or any political subdivision, is a private corporation, although engaged in charitable work or performing duties similar to those of public corporations. . . .

*Levin v. Sinai Hospital of Baltimore City, Inc.,* 186 Md. 174, 178, 46 A. (2d) 298, 300 (1946).

Appellant candidly admits that the county revenue bonds which were issued to fund the construction of the Hospital did not subject the county to liability for their payment. The Supreme Court of Appeals of Virginia has noted that:

> The hospital is not owned by the federal or the state government, albeit federal and state funds may have made its construction possible. It is not an instrumentality of government for the administration of any public duty, although the service it performs is in the public interest. Its officers are not appointed by and are not representatives of government, notwithstanding that there [sic their] authority stems from legislative enactments. Under these circumstances, the hospital falls squarely within the time-honored definition of a private corporation. (citations omitted).

*Khoury v. Community Memorial Hospital, Inc.,* 203 Va. 236, 244, 123 S. E. (2d) 533, 538 (1962). *See Rendell-Baker v. Kohn,* 641 F. (2d) 14 (1st Cir. 1981) and *Bello v. South Shore Hospital,* 384 Mass. 770, 429 N. E. (2d) 1011 (1981) (mere use of public funds does not transform a private institution into a public or quasi-public one). The trial court found that the Hospital is not significantly related to the state or federal government such that it would be transformed into a public institution. We agree. The Hospital in this case is clearly a private institution.

We decline to adopt the theory urged by appellant and followed in a small minority of states that the actions of a private hospital are reviewable even in the absence of any finding of state action. In light of our holding, we need not reach appellant's remaining contention that he was not afforded due process.

The order of the trial court is

Affirmed.

NESS, C. J., GREGORY, and FINNEY, JJ., and LITTLEJOHN, Acting Associate J., concur.