24239

David C. BURDGE, Appellant v. GREENVILLE HOSPITAL SYSTEM, Respondent.

(457 S.E. (2d) 610)

Supreme Court

---

*Donald L. Pilzer*, Greenville, *for appellant.*

*John E. Johnston, Jr.* and *Johanna B. Searle*, Greenville, *for respondent.*

Heard Mar. 7, 1995.

Decided May 1, 1995.

CHANDLER, Acting Associate Justice:

Appellant, David C. Burdge, M.D. (Doctor), appeals the Circuit Court's grant of Summary Judgment in favor of the Greenville Hospital System (Hospital).

We reverse, but affirm in result.

## FACTS

Hospital was founded in 1947 by legislation of the South Carolina General Assembly,[1] which resolved a dispute between the City of Greenville (City) and Greenville County (County) as to who would mange the existing Hospital. A Board was created and given authority to operate the Hospital for the benefit of the taxpayers and residents of City and County. The Hospital's plant and equipment were conveyed to the Board, which was granted power of eminent domain. County was vested with authority to issue general obligation bonds.

---

[1] 1947 S.C. Acts 432.

Vacancies on the Board are filled by nominations of current Board members. These nominations are submitted to City Council and/or the County's Legislative Delegation for approval. Once approved, a nominee is certified to the Governor of South Carolina, who issues a commission.

Doctor's staff privileges with Hospital were suspended for two years by the Board, following a full hearing as required by the Hospital Fair Hearing Plan. The suspension was stayed and Doctor was placed on probation. Believing that Doctor had violated the conditions of his probation the Board, without a hearing, lifted the stay and imposed the two-year suspension. Doctor sued, alleging Board had violated his due process rights in denying him a probation revocation hearing prior to the lifting of the stay. Circuit Court agreed and remanded for appropriate hearing. No hearing was ever scheduled, rendering the issue moot. Thereafter, the parties agreed in writing to discontinue the matter.

Subsequently, Doctor instituted a second action for damages, alleging the Board's suspension of his obstetrical privileges without a probation revocation hearing had deprived him of his due process rights in violation of § 1983.[2] Circuit Court granted summary judgment to Hospital after determining that Hospital's conduct did not constitute state action under § 1983, nor did the Hospital qualify as a person within the meaning of § 1983.

## ISSUE

Did the Circuit Court err in holding that Hospital was a private, not public, institution?

## DISCUSSION

Doctor contends (1) Hospital is a public institution, (2) the conduct of Hospital employees is a state action under § 1983, and (3) Hospital is a person within the meaning of § 1983.

---

[2]Title 42, § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Whether a hospital is a public or private institution is ■ determined by the facts in each case. *Wood v. Hilton Head Hospital,* 92 S.C. 403, 356 S.E. (2d) 841 (1987). A public corporation is an instrumentality of the state, is founded and owned by the state in the public interest, is supported by public funds, and is governed by managers deriving their authority from the state. *Id.* 292 S.C. at 405, 356 S.E. (2d) at 842; *Levin v. Sinai Hospital of Baltimore City, Inc.,* 186 Md. 174, 178, 46 A. (2d) 298, 300 (1946).

Hospital was created by statute in the public interest ■ and is supported in part by public funding through a general obligation bond. Since vacancies on the Board must be approved by City Council and/or the County Legislative Delegation and commissioned by the Governor, Board appointments are clearly governmentally related. We hold that the Hospital qualifies as a public institution and does qualify within the coverage of § 1983.

Circuit Court determined that Board had violated Doc- ■ tor's due process rights and remanded the matter for a probation revocation hearing. Failure of Doctor to timely schedule such hearing and, further, his subsequent agreement to discontinue the matter without a hearing, waived his right to pursue an action for damages pursuant to § 1983.

We reverse Circuit Court's holding that Hospital is not a person within the meaning of § 1983 but affirm in result for the reason stated above.

Reversed, but affirmed in result.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.