Argued January 19, reversed January 26, rehearing denied February 23, 1915.

## HOME TELEPHONE CO. v. MOODIE.

(145 Pac. 635.)

**Telegraphs and Telephones—Rights in and Use of Street—Moving Wires—Ordinance and Franchise.**

1. Plaintiff telephone company operated under a franchise providing that, when anyone obtained a city permission to remove any building, the company on due notice should adjust its wires so as to allow an unobstructed passage of the building, and that if after notice it neglected to do so, the city authorities might do so at its expense. A prior general ordinance provided that one desiring to move a house, etc., along a street, should obtain a permit from the superintendent of streets, give 24 hours' notice to any electric company, and pay or tender in advance the cost of moving and replacing its wires. *Held,* that the prior ordinance applied only so far as it was necessary for defendant to obtain authority to move a house, but that the company was not entitled to charge defendant for moving and replacing its wires; that duty being enjoined upon it by its franchise.

[As to poles and wires of telegraph and telephone companies in streets and highways and across private property, see note in 28 Am. St. Rep. 229.]

**Statutes—Construction—Special and General Provisions.**

2. Special provisions relating to specific subjects control general provisions relating to general subjects, and the things specifically treated will be considered as exceptions to the general provisions.

From Multnomah: GEORGE N. DAVIS, Judge.

Department 1.  Statement by MR. JUSTICE BURNETT.

This is an action by the Home Telephone & Telegraph Company of Portland, Oregon, a corporation, against A. D. Moodie, on two counts to recover the *quantum meruit* of certain services alleged to have been performed by it for the defendant at his special

instance and request in moving its wires on certain streets in the City of Portland.

The performance of the work is admitted in the answer, but all other averments respecting it are denied. The defendant alleges that the plaintiff is carrying on a telephone and telegraph business in Portland under a franchise containing this condition:

"Whenever any person or company shall have obtained permission of the properly constituted authorities of the City of Portland to remove any building through any street or streets, the grantee, his successors or assigns, if he or they have have a line on said streets, on due notice from such person or company, shall raise, remove, or adjust his or their lines so as to allow an unobstructed passage of such building, and if said grantee, his successors or assigns, shall after said notice neglect so to do, the properly constituted authority of the City of Portland shall, at the expense of said grantee, his successors or assigns, remove said lines as far as they are an obstruction to the passage of said building."

He further states that he was engaged in the business of house moving in Portland; that the services upon which the action is based were performed by the plaintiff under the requirements of its franchise and in pursuance of his notice, after having been given permission by the city authorities to move the building.

The reply admits that the services consisted in raising, removing and adjusting plaintiff's lines so as to allow an unobstructed passage for buildings which were being removed by the defendant under permission of the City of Portland after having given due notice to the plaintiff. It further contends that the work was performed under Ordinance 7683. The court made findings of fact and conclusions of law in favor

of the plaintiff, and, from the ensuing judgment, the defendant appeals.   REVERSED.   REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Ralph R. Duniway* and *Mr. C. L. Whealdon,* with an oral argument by *Mr. Duniway.*

For respondent there was a brief over the names of *Mr. Richard W. Montague, Mr. H. A. Swart* and *Mr. George T. Wilson,* with an oral argument by *Mr. Montague.*

.MR. JUSTICE BURNETT delivered the opinion of the court.

1, 2. The question in this case is whether the plaintiff is bound by the terms of its franchise without reference to the former general ordinance of the city respecting the moving of wires to allow the passage of houses being moved from one point to another.   Ordinance 7683, referred to in the reply, declares in substance, that when any person desires to move a house along a route which crosses or interferes with the lines of any street, railway, telephone, telegraph, electric light, or other electric wire line, he shall, besides obtaining a permit from the superintendent of streets, give a 24 hours' notice to the owner or manager of each electric line which would be affected by the moving of the house, and "shall also pay in advance or tender to such owner or manager the amount of the cost and expense of cutting, repairing, moving, raising and replacing such wires as will be cut or interfered with by moving such house." It further provides, in substance, that the superintendent of streets shall obtain from the superintendent of fire-alarm telegraph an estimate of the probable cost of adjusting the wires involved, and that

the amount so ascertained shall be the sum to be tendered or paid. That enactment also requires that the owner or manager of each electric line so affected, on receiving the notice and being tendered or paid the cost or expense as thus computed, shall readjust his wires so as to permit the passage of the house; and unless he does so the city authorities shall move the wires at the expense of the recalcitrant company. The defendant contends that, having obtained permission from the city to move the house, it was the duty of the plaintiff to adjust its wires to allow the passage of the house without any condition of payment. On the other hand, the plaintiff maintains that the defendant should have paid or tendered the amount required by Ordinance 7683 before it could be required to move its wires.

The rule of construction in such cases is thus stated by Mr. Justice MAYFIELD in the case of *City of Birmingham* v. *Southern Express Co.,* 164 Ala. 529, 538 (51 South. 159, 163):

"Special provisions relating to specific subjects control general provisions relating to general subjects. The things specially treated will be considered as exceptions to the general provisions. When a specific subject has been specially provided for by law, it will not be considered as repealed by a subsequent law which deals with a general subject in a general way, though the specific subject and the special provisions may be included in the general subject and general provisions"—citing *Parker* v. *Hubbard,* 64 Ala. 203; *Montgomery* v. *National B. & L. Assn.,* 108 Ala. 336 (18 South. 816).

The rule is stronger, if anything, where a general enactment on a subject, as in this case, precedes special legislation. Notwithstanding the general regulation on the subject of readjusting wires for the purpose under

consideration, the City of Portland had the right to grant a franchise to the plaintiff on such terms as seemed most advisable. Section 8 of its franchise quoted above plainly requires it to readjust its wires whenever it is called upon by one who has authority to move a house along the streets of the city. Its duty as well as its privilege is measured by the terms of its franchise. Unless expressly so authorized, it cannot make any charge for a service enjoined upon it by law. The former ordinance is applicable to the present situation only so far as it would be necessary to obtain authority to move the house. As for the service under consideration, a measure of compensation cannot be established unless one is authorized, and we find no sanction for it in the franchise or privilege granted by the city to the plaintiff. If it were necessary to fix a recompense for the service, the procedure is probably laid down in the general ordinance to which allusion has been made. Such a computation, however, is not necessary, because the duty of changing wires is visited upon the plaintiff by its franchise without condition or reward. The authority under which it operates in the City of Portland is an exception to the general rule. The facts admitted in the pleading and disclosed by the court's findings did not authorize the conclusion reached by the trial court. In brief, the plaintiff is not entitled to charge for the services mentioned because they constitute part of its duty enjoined upon it by its franchise,

The judgment is reversed and the cause remanded, with directions to the Circuit Court to enter judgment for the defendant.

REVERSED.   REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE BENSON concur.