# Commonwealth, Appellant, *v.* Lehigh and New England Railroad Company.

*Taxation—State—Corporate loans—Act of June 17, 1913, section 17, P. L. 507, 516—Railroad equipment trust certificates—Promissory notes—Duty to collect tax—Neglect—Liability.*

1. A corporation is not taxable for state purposes on equipment trust certificates, issued in connection with a lease and agreement for the purchase of certain railroad equipment and rolling stock, under section 17 of the Act of June 17, 1913, P. L. 507, 516, imposing a tax for state purposes upon corporate "scrip, bonds or certificates of indebtedness" inasmuch as such obligations are taxable under section 1 of the same act, which imposes a tax for county purposes on "car trust securities." As they are specifically mentioned among the taxable subjects of section 1 and made thereby taxable for county purposes, they cannot be construed to fall within the provision of section 17, which imposes a tax for state purposes.

2. A corporation is not taxable for state purposes on indebtedness represented by promissory notes negotiated and discounted by private bankers under section 17 of Act of 1913, as such obligations are taxable under section 1 of the same act for county purposes.

3. Section 17 of the Act of 1913 imposes no duty on a corporation to collect a tax on an indebtedness represented by equipment trust certificates or promissory notes negotiated by a bank, inasmuch as such obligations are taxable under section 1 of the same act for county purposes and the tax thereon is collectible by the local taxing authorities and not by the corporation.

Argued May 25, 1920. Appeal, No. 1, May T., 1920, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1916, No. 18, in favor of defendant, in case of Commonwealth v. Lehigh & New England Railroad Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal by defendant from account settled by auditor general and state treasurer for tax on corporate loans. Before KUNKEL, P. J.

The case was tried by the court without a jury.

The court entered judgment for the defendant for reasons stated in the following opinion by KUNKEL, P. J.:

This is an appeal by the defendant company from the settlement of an account against it for the loan tax for the year 1914. It is submitted to the court for trial without a jury. No requests for findings of fact have been made by counsel for either party. However, the facts are not in dispute and we find them generally as follows:

### FACTS.

On September 23, 1915, the present account was settled against the defendant company in which it was charged, among other items, with the loans tax on $1,950,000, car equipment trust certificates or securities, and on $900,000 indebtedness represented by promissory notes discounted and negotiated by private bankers. The latter indebtedness was incurred to meet the company's current expenses. It paid the taxes settled against it, except that charged on the equipment trust certificates and on the promissory notes and took this appeal, specifying, as its objections to the account, that it was not required by law to collect the tax on the equipment trust certificates and hence was not liable therefor; and that the indebtedness represented by the promissory notes was not taxable because it was incurred and used for current expenses; nor was it an indebtedness, the tax on which the defendant was required by law to assess and collect.

The equipment trust certificates arose out of a transaction which may be stated generally, as follows: The defendant company acquired by a lease in writing from the lessor, who was also called the trustee, certain railroad equipment and rolling stock for which it agreed to make certain yearly payments as rent and hire therefor, the aggregate of which was to be equivalent to the cost

of the equipment so leased during the stipulated period. On the expiration of the lease if the rentals were paid and the terms of the lease were complied with, the title to the property was to be transferred to the defendant company. Pending the lease the company had no title to the equipment other than as the lessee thereof. About the same time, and in connection with the lease, an agreement was entered into between the lessor in the lease or the trustee and the defendant company, in which it was stated that subscriptions having been made to a fund known as the "Lehigh & New England Equipment Trust," which fund was to be applied to the payment of the purchase price of the railroad equipment and rolling stock mentioned in the lease, the trustee proposed to secure to the subscribers to the fund the payment thereof and the interest thereon in manner therein set forth and to evidence the rights of the subscribers to the fund by the delivery of certificates called the Lehigh & New England Equipment Trust. The fund thus raised and the interest thereon was to be paid from the rentals received on the lease. Pursuant to the lease and agreement, the equipment trust certificates were issued in which it was certified that the bearer was entitled to a share in the equipment fund, the principal to be paid at the time mentioned therein, and the interest as evidenced by so called dividend warrants attached thereto.

### DISCUSSION.

The defendant company contends that the certificates were not subject to the tax on loans and claims that the question is ruled by Commonwealth v. Traction Company, 192 Pa. 507. We are not convinced of the correctness of this contention or claim. The present case differs from the one referred to in some essential particulars, to which it is not necessary now to refer. Without deciding that question, we think it is clear that the defendant company is not liable for the tax on the certificates for another reason. The duty of collecting

the tax has not been imposed upon it. Section 18, of the Act of June 17, 1913, P. L. 507, 516, provides that the tax on corporate "scrip, bonds or certificates of indebtedness" shall be collected as theretofore, that is by the corporation as provided by section 4 of the Act of June 30, 1885, P. L. 193. The liability of the corporation for the tax arises only out of its failure or neglect to collect it: Com. v. Del. Div. Canal Co., 123 Pa. 594; Com. v. Lehigh Valley R. R. Co., 186 Pa. 235. Whether the duty of collecting the tax on the equipment trust certificates rested upon the defendant company depends upon the question whether they fall within the term "certificates of indebtedness" made taxable for state purposes by section 17, of the Act of 1913. The term may be broad enough to cover them and might well be held to do so, were it not for section 1, of the same act, which imposes a tax for county purposes on "car trust securities." Thus such securities or certificates are made taxable not for state purposes but for county purposes by express mention. The well recognized rule of construction applies here: "That where there are in an act specific provisions relating to a particular subject they must govern in respect to that subject, as against general provisions in other parts of the statute; although the latter standing alone would be broad enough to include the subject to which the more particular provisions relate. Hence, if there are two provisions in the same act of which one is special and particular and clearly includes the matter in controversy, whilst the other is general and would, if standing alone, include it also, and if, reading the general provisions side by side with the particular one, the inclusion of that matter in the former would produce a conflict between it and the special provision, it must be taken that the latter was designed as an exception to the general provision." Endlich on Interpretation of Statutes, section 216. As it appears that car trust securities are specifically mentioned among the taxable subjects of section 1, and made thereby taxable for

county purposes, they cannot be construed to fall within the provisions of section 17, which imposes a tax for state purposes. The presumption is that there was no intention to place a double tax on obligations representing the same indebtedness. Not being taxable under section 17, there was no duty resting upon the defendant company to assess and collect the tax on them. Hence it is not liable for the tax.

As to the liability of the defendant for the tax on the $900,000 represented by promissory notes negotiated and discounted by private bankers, it is sufficient to say that this question was ruled in Com. v. Roxford Knitting Company [the preceding case, page 266, above] in an opinion lately filed in this court, where it was held that such obligations are not taxable under section 17 for state purposes but under section 1, for county purposes, and that the tax thereon is not collectible by the corporation but by the local authorities.

Wherefore we conclude:

1. That the equipment trust certificates are not subject to the loan tax for state purposes.

2. The defendant company was not bound to collect the tax thereon but the same was collectible by the local authorities.

3. The indebtedness represented by the promissory notes was not subject to the tax on loans under section 17, of the Act of 1913, but was taxable for county purposes under section 1, of that act.

4. That the defendant company was not bound under the law to collect the tax thereon.

5. That the settlement made against it for the loan tax on its equipment trust certificates and its promissory notes negotiated and discounted by private bankers was without authority of law.

6. That the defendant company having paid the tax on the account settled against it, except that on the equipment trust certificates and promissory notes, is entitled to judgment.

Whereupon judgment is directed to be entered in its favor and against the Commonwealth, unless exceptions be filed within the time required by law.

The Commonwealth appealed.

*Errors assigned* were (1-6) overruling exceptions to rulings, and (7) above judgment, quoting the record.

*Wm. M. Hargest,* Deputy Attorney General, with him *William I. Schaffer,* Attorney General, for appellant.

*Paul C. Hamlin,* with him *Samuel D. Matlack* and *Wm. Jay Turner,* for appellee.

PER CURIAM, June 26, 1920:

This judgment is affirmed on the opinion of the learned president judge of the court below directing it to be entered.