THE CITY AND COUNTY OF HONOLULU *v.* BOARD OF WATER SUPPLY, CITY AND COUNTY OF HONOLULU, TRUSTEE UNDER CERTAIN DEEDS OF TRUST OF E. J. LORD, ALSO KNOWN AS EDMUND JOSEPH LORD, MARY VIRGINIA LORD WAGNER AND COOKE TRUST COMPANY, LIMITED, ET AL.

No. 2518.

SUBMITTED NOVEMBER 18, 1942.    DECIDED MARCH 22, 1943.

KEMP, C. J., PETERS, J., AND CIRCUIT JUDGE MATTHEWMAN IN PLACE OF LE BARON, J., ABSENT.

OPINION OF THE COURT BY KEMP, C. J.

This is a proceeding in eminent domain brought by the City and County of Honolulu for the purpose of condemn-

ing a parcel of improved land situated in Kaimuki, Honolulu, for a public use.

Summons issued May 11, 1938. On September 30, 1938, summons having been served, plaintiff filed a motion for an order putting it in possession of the parcel of land involved pursuant to the provisions of section 68 of the Revised Laws of Hawaii 1935, as amended by Act 184 (series A-1) of the Session Laws of 1937. Plaintiff alleged that the estimated value of the land and improvements to be condemned was $48,090, and was not producing any income or being occupied by any of the defendants. Order to show cause issued and was heard on October 5, 1938, and on October 10, 1938, the court entered an order putting plaintiff in possession upon the payment by it to the chief clerk of the court of the sum of $48,090. On October 22, 1938, in compliance with the order, plaintiff paid the sum of $48,090 as ordered and took possession of the property.

On September 15, 1941, a jury trial was concluded and the jury, by its verdict, found the value of the land and improvements, as of May 11, 1938, to be $48,090, the exact amount theretofore paid into court by plaintiff. Thereafter, the plaintiff prepared, presented and moved the entry of a judgment for the amount of the verdict plus interest from October 10, 1938, the date of the order putting the plaintiff in possession, to October 22, 1938, the date plaintiff paid the money into court and took possession. The defendants objected to the judgment presented, asserting that they were entitled to interest from the date of the summons. The court rejected the plaintiff's theory and adopted the defendant's by entering a judgment for the amount of the verdict plus interest from May 11, 1938, the date of the issuance of the summons. Plaintiff excepted to the judgment, the substance of the ground of its exception being that the court erred in awarding in-

terest from the date of the summons instead of from the date of the order putting plaintiff in possession.

The case is here on plaintiff's exceptions and presents the sole question of whether or not the court correctly awarded interest.

The plaintiff relies upon the provisions of Act 184, *supra*, for a reversal while the defendants rely upon *Territory* v. *Hon. Plantation*, 34 Haw. 859, to uphold the judgment.

The law authorizes the taking of private property for certain public uses (R. L. H. 1935, § 50) and provides that for the purpose of assessing compensation and damages the right thereto shall be deemed to have accrued at the date of the summons. (R. L. H. 1935, § 64.) "Just" compensation is provided for by the Fifth Amendment to the Constitution of the United States and the right to it cannot be taken away by statute. The compensation to which the owner is entitled is the full and perfect equivalent of the property taken. It rests on equitable principles and it means substantially that the owner shall be put in as good position pecuniarily as he would have been if his property had not been taken. (*Seaboard Air Line Ry.* v. *U. S.*, 261 U. S. 299.) The owner is not limited to the value of the property at the time of the taking; he is entitled to such additional compensation as will produce the full equivalent of that value paid contemporaneously with the taking, and interest at a proper rate is a good measure by which to ascertain the amount so to be added. (*Jacobs* v. *United States*, 290 U. S. 13.) *Phelps* v. *United States*, 274 U. S. 341, was a suit brought in the Court of Claims to recover just compensation for the property taken in 1918 or 1919 but judgment determining the value of the property when taken was not entered until 1926. The plaintiffs asserted that they were entitled to an additional amount to produce the equivalent of the value of

the property "paid contemporaneously" with the taking and that for this purpose interest at a reasonable rate should be allowed. The court held that judgment in 1926 for the value of the property when taken, without more, was not sufficient to constitute just compensation; that the claim was not for interest within the meaning of the Judicial Code and that the additional amount claimed should be allowed.

Act 184, *supra*, amends the eminent domain statute in various particulars. Paragraph 1 of the section amending section 68 permits the plaintiff to obtain possession of the property sought to be condemned at any time after service of summons, by complying with the terms of the Act; whereas, prior to the amendment possession had to await the rendition of judgment. Under the present statute, if the party entitled thereto accepts the money paid into court by the plaintiff in compliance with an order of the court, he thereby abandons "all defenses interposed by him excepting his claim for greater compensation or damages." Paragraph 2 provides that after judgment in favor of plaintiff or pending an appeal by either party, the plaintiff, if not already in possession under an order entered pursuant to the provisions of paragraph 1, may be put in possession upon payment of the amount assessed as compensation or damages and such further sum as may be required by the court as a fund to pay any further compensation or damages that may be awarded, as well as all damages that may be sustained by the defendant, if for any cause the property shall not finally be taken for public use. The final judgment is required to contain as part of the just compensation and damages awarded interest "from the date of the order letting plaintiff into possession * * * ." Paragraph 3 also deals specifically with the question of interest when the plaintiff has been put in possession, as follows:

"If an order be made letting the plaintiff into possession as provided for in this section, the final judgment shall include, as part of the just compensation and damages awarded, interest at the rate provided in Section 65 from the date of such order until paid by the plaintiff, provided, however, that except in the case of an appeal by the plaintiff as hereinabove provided, interest shall not be allowed upon any sum or sums paid by the plaintiff to the clerk of the court as aforesaid from the date of such payment. The court shall have power to fix and include in such order or judgment the time within which and the terms upon which the parties in possession shall be required to surrender possession to the plaintiff. The court shall have power to make such orders in respect of encumbrances, liens, rentals, taxes, assessments, insurance and other charges, if any, as shall be just and equitable."

In the *Honolulu Plantation* case the Territory was let into possession immediately upon the issuance of the summons under an agreement entered into prior to the issuance of the summons. Neither at that time nor at the date of the judgment was there a statute which gave the plaintiff the right to gain possession of the premises sought to be condemned prior to judgment. Possession having been gained by agreement, the agreement settled such issues as were covered by its terms and left such as were not covered to be settled by the statute then in force. Consequently, the court looked to the agreement to ascertain the issues covered, and finding nothing in the agreement with reference to the awarding of interest on the amount found to be the value of the property on the date of the summons construed the provisions of section 64 of the Revised Laws of Hawaii 1935 as entitling the owner to additional compensation equal to legal interest on the award from the date of the summons until paid. The court evidently did not consider that the provision of section 68

with reference to interest on the award had any bearing on the issue under the facts of that case. The provision of section 68 for interest, by unequivocal language, was limited to cases in which an order had been made "letting the plaintiff into possession," which, under the then existing statute, could not be made until after judgment had been rendered in favor of the plaintiff in the circuit court or pending an appeal by either party. The *Honolulu Plantation* case having been decided on different facts, to review a judgment entered prior to the enactment of the Act under which plaintiff in the instant case was let into possession, we get very little help from the opinion in that case.

Act 184 is in many respects similar to section 258a of Title 40, U.S.C.A., enacted in 1931. Section 258a, after providing for the filing of a declaration of taking with the petition or at any time before the judgment, further provides *inter alia* that upon the filing of a declaration of taking and depositing in the court, to the use of the persons entitled thereto, the amount of the estimated compensation stated in said declaration, "title to the said lands * * * shall vest in the United States of America, and said lands shall be deemed to be condemned and taken for the use of the United States, and the right to just compensation for the same shall vest in the persons entitled thereto: and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein, and the said judgment shall include, as part of the just compensation awarded, interest at the rate of 6 per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment: but interest shall not be allowed on so much thereof as shall have been paid into the court." Other provisions relate to the disposition of the money deposited in the court and for the entry of

judgment for any excess over the amount deposited if the compensation finally awarded shall exceed the amount of the deposit.

The constitutionality of section 258a has been upheld against attacks on the grounds that it deprives the owner of his property, without due process of law, and deprives him of his property for a public use without just compensation. (*Hessel* v. *A. Smith & Co.*, 15 Fed. Supp. 953; *United States* v. *72 Acres of Land, Etc.*, 37 Fed. Supp. 297; *United States* v. *Eighty Acres of Land*, 26 Fed. Supp. 315.) However, in all of the foregoing cases the declaration of taking was filed with the petition and the estimated value of the property taken paid into court to the use of the owner. The question of compensation for delay in making payment after the issuance of summons did not therefore arise and was not discussed. As we have seen, section 64, Revised Laws of Hawaii 1935, provides that for the purpose of assessing compensation and damages, "the right thereto shall be deemed to have accrued at the date of the summons * * * ." To say that the defendant's right to compensation and damages shall be deemed to have "accrued" at the date of the summons is equivalent to saying that his property shall be deemed to have been taken at that time. (*North Coast R. Co.* v. *Aumiller*, 112 Pac. 384 (Wash.); Randolph, The Law of Eminent Domain § 285; *Hampden Paint Co.* v. *Springfield Etc. Railroad*, 124 Mass. 118.) The application of equitable principles requires the payment of just compensation contemporaneously with the taking, and interest at a reasonable rate on the money representing the value of the property from that date until paid is a proper measure by which to ascertain the additional amount necessary to put the defendant in as good position pecuniarily as he would have been had his property not been taken. Nothing short of that constitutes "just" compensation.

If Act 184 is susceptible of two constructions one of which would make it valid and the other invalid, it must be so construed as to make it valid. We think it is susceptible of the construction that in a case such as the instant one, in which there was an interim between the issuance of summons and the order letting plaintiff into possession, section 64 should apply. When so construed, it is unquestionably valid; whereas, if it were so construed as to deprive the defendant of the right to compensation for the delay in making payment after the right thereto has accrued, its validity would be questionable, at least.

The exceptions are overruled.

*C. Wirtz*, City and County Attorney, and *S. C. Doo*, Deputy City and County Attorney, for plaintiff-appellant City and County of Honolulu.

*G. Nowell* for Mary Virginia Lord Wagner and Cooke Trust Co., Ltd., defendants-appellees.

No briefs were filed on behalf of other defendants.