STATE OF HAWAII, BY SHIRO KASHIWA, ITS ATTORNEY GENERAL (FORMERLY TERRITORY OF HAWAII, BY EDWARD N. SYLVA, ITS ATTORNEY GENERAL) *v.* GEORGE M. CONEY; GERTRUDE FLORENCE CONEY; MARTHA M. CONEY; WILLIAM A. CONEY; CLARISSA P. C. GERDES; SCHUMAN CARRIAGE COMPANY, LIMITED.

No. 4197.

June 7, 1962.

Tsukiyama, C. J., Wirtz, J., Circuit Judge Tashiro in Place of Cassidy, J., Disqualified, Circuit Judge Monden in Place of Lewis, J., Disqualified, and Circuit Judge King in Place of Mizuha, J., Disqualified.

OPINION OF THE COURT BY CIRCUIT JUDGE TASHIRO.

This is an action in eminent domain filed by plaintiff-appellee, hereinafter called the State, on October 9, 1956. The original action involved the condemnation of three

parcels for the Civic Center at Honolulu, two of which were owned by Schuman Carriage Company, Limited. However, by stipulation dated September 3, 1959, the State and Schuman Carriage agreed as to the amount of compensation and damages to which Schuman Carriage was entitled, and this appeal involves only the remaining parcel owned by defendants-appellants, hereinafter called the Coneys.

By stipulation dated February 2, 1960, the State and the Coneys agreed to the bulk of the pertinent facts involved in this case. The Coneys conceded the State's description of the property and the public use involved. The parties agreed that the value of the property as of the date of summons, October 9, 1956, was $230,000, that $195,900 was deposited by the State and withdrawn by the Coneys on August 7, 1959, and that the order of possession became effective on October 1, 1959.

This left for determination by the trial court the claim of the Coneys for blight of summons damages for the period after October 9, 1956, the date of issuance of summons, based upon the agreed sum of $230,000, and the claim of the State that rental income received by the Coneys from October 9, 1956, through October 31, 1959, should be set off against Coneys' claim. As a part of the same settlement by stipulation the parties agreed that blight of summons damages computed at the rate of 6% per annum on the $230,000 would accrue from the date of summons until the date of deposit, without agreeing however "that 6% per annum is the proper measure of blight damages," and left for the trial court's determination the applicable rate of interest after the date of deposit. The parties also stipulated that the Coneys received $30,600 rent from the date of summons to the date of deposit, $1,530 from the date of deposit to the effective date of the order of possession, and $900

after the effective date of the order of possession. The Coneys have conceded that the $900 should be deducted from their claim since it was rent for a period after the effective date of the order of possession.

There was no trial as such, the only evidence offered other than the stipulation being the Coneys' offer of proof that their property appreciated in value by at least $60,000 between 1956 and 1959. This offer was refused by the court.

On March 8, 1960, the trial court filed Findings of Fact and Conclusions of Law holding that all income received by the Coneys should be set off against the blight damages.

On April 8, 1960, the court entered judgment allowing interest at 6% from the date of summons to the date of deposit, and interest at 5% thereafter until the entry of judgment. The 6% interest constituted non-statutory blight of summons damages while the 5% interest apparently constituted statutory interest as provided for in R.L.H. 1955, §§ 8-31, 8-23. The total amount of interest allowed by the judgment was $40,156.61, against which $33,030 income was set off, leaving a net recovery to the Coneys by way of blight of summons damages and interest of $7,126.61.

On May 16, 1960, the amount of the judgment was paid into court and withdrawn by the Coneys and on May 19, 1960, the court entered a supplementary order to cover the one day of additional blight damage from April 7th to April 8th of 1960, which was not covered by the judgment and to cover the interest due under R.L.H. 1955, § 8-23.

Defendants' first and fourth specifications of error will be considered together because they both involve the matter of setoffs.

Defendants' first specification of error claims that

"The court erred in holding that income received by the Coneys should be set off against the blight damages to which they were entitled."

Defendants' fourth specification of error claims that "Assuming the court was correct in applying the statutory rate effective August 7, 1959, it erred in allowing $1,530 to be set off for the period from August 7, 1959 through September 30, 1959 during which approximately $260.00 statutory interest accrued, there being no statutory authority for any set-off and there being no authority whatever for set-off in excess of the amount of interest accruing during said period."

The fifth amendment of the Constitution of the United States prohibits the taking of private property for public use without just compensation. Under Hawaii's law of eminent domain, specifically, R.L.H. 1955, § 8-22, for the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of summons, and its actual value at that date shall be the measure of valuation of all the property to be condemned. The parties herein, by stipulation, fixed the value of the property at the date of summons at $230,000.

The question of setoff arises only when possession remains with the landowner after the commencement of action by the issuance of summons.

On the question of whether the condemning authority may set off the value of the use of the property against blight damages, the decisions of the courts are divided into three categories: (1) those holding that the retention of possession by the owner does not necessarily preclude the recovery of interest; (2) those holding that the owner is not entitled to interest during the time that he remains in possession, *Bauman* v. *Ross*, 167 U.S. 548, 42 L. Ed. 270; *Shoemaker* v. *United States*, 147 U.S. 282, 37 L. Ed. 170; and (3) those holding, in the juris-

dictions in which interest is allowed notwithstanding the retention of possession by the owner, that the owner is not entitled both to interest and to rents and profits but must account for the value of the use of the property retained. See annotations in 32 A.L.R. 98, 100, 102; 96 A.L.R. 196, supplemented by 111 A.L.R. 1306; 68 L. Ed. 171, 172; 1916C L.R.A. 1113.

It is to be noted, however, that the cases supporting these apparently different rules are sometimes distinguishable because of the difference in the date as of which damages are assessed. 18 Am. Jur., *Eminent Domain,* § 275, p. 916.

In *Honolulu* v. *Lord,* 36 Haw. 348, the sole question presented was whether the defendant therein was entitled to a judgment for the amount of the verdict plus interest from the date of the issuance of summons or from the date of order putting the plaintiff therein in possession. The court there stated, at page 354: "To say that the defendant's right to compensation and damages shall be deemed to have 'accrued' at the date of the summons is equivalent to saying that his property shall be deemed to have been taken at that time." The court further stated: "The application of equitable principles requires the payment of just compensation contemporaneously with the taking, and interest at a reasonable rate on the money representing the value of the property from that date until paid is a proper measure by which to ascertain the additional amount necessary to put the defendant in as good position pecuniarily as he would have been had his property not been taken. Nothing short of that constitutes 'just' compensation."

*United States* v. *Thurston,* 4 H. Dist. Ct. 33, appears to be the only case which has ruled directly on the setoff question under Hawaii's statute. Although the ruling was made in the Federal District Court for Hawaii,

it nevertheless is a very significant decision in that the Hawaii statute then in effect was considered. The court there, at page 36, quoted from 2 *Lewis on Eminent Domain*, § 742, pp. 1320-1321 (3d ed.), as follows:

"Where damages are assessed for property to be afterwards taken, the award or verdict should include interest from the time with reference to which the damages are estimated, *to be reduced by the value of the use of the property to the owner while he continues to have such use.* . . . This is just to the owner. But he should not have more than is just, and justice to the party condemning requires that the value of the possession to the owner should be deducted from the interest." (Emphasis added.)

The court further stated, at page 37:

"The reasonable and obvious way of remedying this loss is to allow them interest for the time elapsed, *to be discounted by the net profits which have accrued to them during that period.*" (Emphasis added.)

Relative to the duty of the owner retaining possession to account for the use of the property, 32 A.L.R. 102 states as follows:

"It seems settled according to the authorities in those jurisdictions in which interest is allowed notwithstanding the retention of possession by the owner, *that the latter is not entitled both to interest and rents and profits,* but must account for the value of the use of the property, and may be required to allow the same by way of setoff against or in reduction of the interest." (Emphasis added.)

*North Coast Ry.* v. *Aumiller*, 61 Wash. 271, 112 Pac. 384, a case cited with approval in *Honolulu* v. *Lord, supra,* quotes with approval from *Randolph on Eminent Domain*, § 280, as follows:

"The best rule is that which does not arbitrarily

make possession equivalent to interest, but allows interest from the date of valuation, and *reduces the amount by the estimated value of the possession."* (Emphasis added.)

The granting of "interest" or blight damages is based upon the equitable principle that the owner is entitled to "just" compensation, which is the full value of the property taken together with damages. Since the property is presumed to be taken as of the date of summons and its value is calculated as of that date, any payment made subsequent to that date should include blight damage. The permitting of a setoff of the rents and profits received by the owner after the date of summons is likewise equitable in that the landowner should not receive the value of the property taken plus interest and plus rents and profits collected on the property.

After a review of the authorities, it is the view of this court that where the owner remains in possession of the land sought to be condemned after the date of summons the value of the use of the property, if any, should be set off against blight damage. *Lake Koen Nav. R. & I. Co.* v. *McLain Land & Invest. Co.,* 69 Kan. 334, 76 Pac. 853; *Ford Motor Co.* v. *City of Minneapolis,* 143 Minn. 392, 173 N.W. 713; *In re Mayor of City of New York,* 69 N.Y. Supp. 742; *North Coast R. Co.* v. *Aumiller, supra; Pennsylvania Co.* v. *City of Philadelphia,* 105 Atl. 630.

Defendants' second specification of error claims that "The court erred in failing to give any consideration whatever to the element of appreciation in value and in refusing the Coneys' offer of proof that the property appreciated in value at least $60,000.00 from October 9, 1956 to August 7, 1959."

In point is *Territory* v. *Honolulu Plantation,* 34 Haw. 859. In that case, this court, in ruling upon the trial

court's denial of interest to appellant on any of the items which made up the final award until the expiration of thirty days after the judgment was docketed, held on p. 872:

"Technically speaking, interest, as such, is not allowed in a proceeding of this nature prior to judgment. What is commonly called interest is in fact an additional award of damages for injury caused to the owner by the 'blight of the summons' *because from the time of the institution of the suit the owner can claim nothing for added improvement nor is he entitled to benefit by any advance in the value of the property,* but this element of damage should become a part of the award so that the owner may have that 'just compensation' granted to him by the fifth amendment to the Federal Constitution." (Emphasis added.)

In *Weiser Valley Land & Water Co.* v. *Ryan,* 190 Fed. 417, in an appeal from a judgment allowing interest on the judgment from the date of summons in a condemnation suit, the court said:

"The next contention is that the court erred in adding interest to the amount of the assessment from the date of the summons. Under the statute, the right to the compensation shall be deemed to have accrued at the date of the summons. Having such right to compensation at a given time, it would seem that the owner ought to have interest upon the amount ascertained until paid. In the meanwhile he can claim nothing for added improvements, *nor is he entitled to any advance that might affect the value of the property.*" (Emphasis added.)

A similar issue was decided in *City of Los Angeles* v. *Gager,* 10 Cal. App. 378, 102 Pac. 17. The Supreme Court of California disposed of the issue by holding,

"Suffice it to say, that in this state we have a provision of law which, if constitutional, excludes all consideration of other than the value of the property at the date of issuance of the summons in the action." The California court went on to say that such statute was constitutional.

The defendants, in the case at bar, are entitled to just compensation at the time of taking, which is the date of issuance of summons here in Hawaii, and in addition thereto are entitled to interest at a reasonable or proper rate on such award until paid. It is the view of this court that under the circumstances they are not entitled to any advance that might affect the value of the property subsequent to the date of taking, and the trial court committed no error in refusing the defendants' offer of proof that the property appreciated in value between the date of issuance of summons and the date of deposit.

Defendants' third and fifth specifications of error will be considered together because they both deal with rates of interest in eminent domain proceedings.

Defendants' third specification of error claims that "The court erred in setting a 5% interest rate for the period from August 7, 1959 through September 30, 1959 as the 5% statutory rate could not apply until the effective date of the order of possession, October 1, 1959."

Defendants' fifth specification of error claims that "The court erred in computing interest after judgment in that it interpreted Section 8-23, Revised Laws of Hawaii 1955 to provide for no interest on the judgment during the first thirty days after judgment."

On the question of the so-called interest payable from the date of taking or date of issuance of summons until full payment is made for the property condemned, this court has consistently held that what is commonly called

interest is in fact an additional award for blight of summons damages caused to the owner, and that, as stated in *United States* v. *Rogers,* 255 U.S. 163 at 169, "* * * the allowance of just compensation by giving interest *from the time of taking until payment* is a convenient and fair method of ascertaining the sum to which the owner of the land is entitled." (Emphasis added.) *Territory* v. *Honolulu Plantation, supra,* 34 Haw. 859, 872-74.

The cases are in general agreement that the owner of property condemned is entitled to an additional award for blight of summons damage for delay in the payment of compensation for the property taken, which begins to run from the date of taking and is usually to be measured by an interest which must be proper or reasonable. *Honolulu* v. *Lord, supra; State* v. *Deal,* 191 Ore. 661, 233 P.2d 242; *Liggett & Myers Tobacco Co.* v. *United States,* 274 U.S. 215, 71 L. Ed. 1006. Ordinarily, the interest is at the normal commercial rate during the period of delay, but in the absence of evidence of such commercial rate, the presumption is that the legal or statutory rate is to be applied. *Lackawanna Iron & Steel Co.* v. *Lackawanna & W. V. R.R.,* 299 Pa. 503, 149 Atl. 702; *Whitcomb* v. *City of Philadelphia,* 264 Pa. 277, 284, 107 Atl. 765, 767; *Lehigh Valley Trust Co.* v. *Pennsylvania Turnpike Commission,* 401 Pa. 135, 163 A.2d 86; 36 A.L.R. 2d 435, supplementing 96 A.L.R. 150; 29 C.J.S., *Eminent Domain,* § 176, p. 1055.

Furthermore, in the absence of evidence as to what sum additional to the bare value of the property at the date of taking should be paid for delay in making payment, it has been held that interest as provided by law meets the constitutional requirement of "just compensation." *In re Bronx River Parkway in City of N.Y.,* 284 N.Y. 48, 20 N.Y.S.2d 53, 29 N.E.2d 465, 30 N.E.2d 729, and affirmed in 313 U.S. 540, 85 L. Ed. 1508.

Inasmuch as the parties herein did agree by stipulation, to blight of summons damages computed at the rate of 6% interest per annum from the date of summons until the date of deposit, the question arises as to the correctness of the trial court's computation of blight of summons damages at the rate of 5% from the date of deposit to the date of judgment, such computation being presumably based on the trial court's view of the provisions of R.L.H. 1955, Ch. 8, as to accrual of interest. In the case at bar, it is reasonable to assume that on the basis of their very stipulation, the parties themselves considered that 6% interest per annum was the reasonable or proper measure of blight damages for that period.

In the absence of evidence of any normal commercial rate of interest prevailing in this state, and there being no statutory rate prescribed for the period between the date of deposit and the date of order of possession, it is the opinion of this court that the legal rate of 6% prescribed by R.L.H. 1955, § 191-1, should apply during said period.

As to that period between the date of order of possession and the date of judgment, however, the statutory rate of 5% as prescribed in R.L.H. 1955, § 8-31, clearly applies.

In the matter of the payment of interest after judgment, defendants' contention is that interest should have been allowed for the entire period from the date of judgment until its payment. The trial court, in fixing the amount of interest assessable after the entry of judgment, allowed plaintiff a grace period of thirty days and assessed interest at 5% after the expiration of such thirty-day period, to wit, for 8 days, in accordance with R.L.H. 1955, § 8-23.

The pertinent portion of § 8-23 provides that if pay-

ment of the amount assessed as compensation or damages in an eminent domain proceeding is delayed more than thirty days after final judgment, then interest shall be added at the rate of 5% per annum. It is to be noted here that R.L.H. 1955, § 191-2, provides for an interest payment of 6% per annum on any judgment recovered before any court in the state. Chapter 191, under which § 191-2 falls, deals generally with interest and usury, whereas Chapter 8, under which § 8-23 falls, deals specifically with eminent domain proceedings.

In considering whether § 8-23 or § 191-2 controls as to the period following the date of entry of final judgment in this instant case, we must resort to the general rules of statutory construction. The construction of a statute must be just and reasonable and not arbitrary and must be based upon substantial distinction germane to the subject matter and the object to be obtained.

It is the generally accepted rule of statutory construction that unless a legislative intention to the contrary clearly appears, special or particular provisions control over general provisions, terms or expressions, and where general provisions, terms or expressions in one part of a statute are inconsistent with more specific or particular provisions in another part, the particular provisions must govern or control. It is also elementary that specific provisions must be given effect notwithstanding the general provisions are broad enough to include the subject to which the specific provisions relate. *United States* v. *Zenith Radio Corp.*, 12 F.2d 614; *Commonwealth* v. *Lehigh & N. E. R. Co.*, 268 Pa. 271, 110 Atl. 725; *People* v. *Warden of Jail of Fourth Dist.*, 216 N.Y. 154, 110 N.E. 451; *Handtoffski* v. *Chicago Consol. Traction Co.*, 274 Ill. 282, 113 N.E. 620; *Illinois Commerce Com'n* v. *Cleveland, C., C. & St. L. Ry.*, 320 Ill. 214, 150 N.E. 678.

In resolving the question presented in this case, the

rule of law expressed by the Oregon Supreme Court in *Home Telephone & Telegraph Co.* v. *Moodie,* 75 Ore. 117, 145 Pac. 635, is directly in point. The court there, in quoting from *City of Birmingham* v. *Southern Express Co.,* 164 Ala. 529, 538, 51 So. 159, 163, stated that "Special provisions relating to specific subjects control general provisions relating to general subjects. The things specially treated will be considered as exceptions to the general provisions." Additionally, the Oregon court remarked that "The rule is stronger, if anything, where a general enactment on a subject, as in this case, precedes special legislation."

Thus, although R.L.H. 1955, § 191-2 and § 8-23, relative to rates of interest, are inconsistent, no principle of construction is better settled, both by authority and reason than this. Where in a legislative enactment such as § 8-23, a special provision is made relating to a specific subject, such as "interest" in eminent domain proceedings, which would otherwise be embraced in a general provision on the same subject, such as provided in § 191-2 on the general subject of "interest," the special provision is an exception, and is not intended to be embraced in the general provision. *State* v. *Bowden,* 92 S.C. 393, 75 S.E. 866; *State* v. *Lewis,* 141 S.C. 207, 139 S.E. 386. Thus, after the expiration of thirty days from the date of entry of judgment in an eminent domain proceeding, the 5% interest provided for in § 8-23 shall apply on such judgment unless such provision violates a constitutional provision.

*In re Bronx River Parkway in City of N.Y., supra,* upon the landowners' contention that the 1939 New York statute denied them the equal protection of the laws inasmuch as the general interest rate in New York was 6% while the statute under consideration provided for a lower interest rate for obligations of municipal cor-

porations, the court was called upon to determine whether the state legislature indulged in an unreasonable and palpably arbitrary classification. The Court of Appeals held that the classification could not be deemed unreasonable because the sovereign and public character of the favored debtors and the lower rates of interest usually applicable on their borrowings might well form a basis for differentiation. The court further found that Article 1, Section 10, of the Federal Constitution, which prohibits the enactment of any law impairing the obligation of contracts, was inapplicable, and that there was no denial of due process of law or equal protection of the laws as provided in the fourteenth amendment to the Federal Constitution.

This court is in accord with the foregoing reasoning and finds that the 5% interest rate prescribed in § 8-23 is not unreasonable and does not violate any constitutional provision.

This leaves one final item for determination by this court, the question of whether the trial court erred in not providing for interest for the thirty-day period which immediately followed the entry of final judgment. In the case at bar, inasmuch as payment was delayed more than thirty days after the entry of final judgment, it is the opinion of this court that under § 8-23 interest at the rate of 5% per annum relates back to the date of judgment. Thus, in addition to the 8 days at 5% assessed by the trial court, defendants are entitled to interest at the rate of 5% per annum on the final judgment for the thirty days following the entry of such judgment.

The judgment of the circuit court is reversed in the following particulars: (1) The rate of interest for blight of summons damages for the period between August 7, 1959, date of deposit, and October 1, 1959, date of order of possession, shall be 6% rather than 5%; and (2) In-

terest at the rate of 5% per annum shall be awarded on the final judgment for the immediate thirty-day period following the judgment, in addition to the 5% allowed for 8 days. Affirmed in all other respects and case remanded with direction to enter an amended judgment in accordance with this opinion.

*D. N. Ingman* for defendants-appellants.

*Robert K. Richardson,* Deputy Attorney General (*Shiro Kashiwa,* Attorney General, with him on the brief), for plaintiff-appellee.