HAWAII HOUSING AUTHORITY, a public body and a body corporate and politic, Plaintiff-Appellee/Cross-Appellant, *v.* FRANK D. MIDKIFF, RICHARD LYMAN, JR., HUNG WO CHING, MATSUO TAKABUKI, WILLIAM S. RICHARDSON, and HENRY H. PETERS, Defendants-Appellants/Cross-Appellees, and JAMES Q. ADAMS, JR., et al., Defendants-Appellees/Cross-Appellants, and KAISER HAWAII-KAI DEVELOPMENT CO., a Nevada corporation, et al., Defendants

NO. 11461

(CIVIL NO. 63125)

JULY 7 , 1987

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, JJ., AND
INTERMEDIATE COURT OF APPEALS ASSOCIATE JUDGE HEEN,
IN PLACE OF WAKATSUKI, J., DISQUALIFIED

OPINION OF THE COURT BY PADGETT, J.

This is an appeal and a cross-appeal from a judgment in a leasehold condemnation action under HRS Chapter 516.

HRS § 516-24 provides that compensation in a leasehold condemnation case shall be determined as of the date of the summons of the complaint in eminent domain. The same provision as to other eminent domain actions is made in HRS § 101-24.

In the present case, the date of valuation fixed by the judgment below was August 22, 1980 as to some lots, September 11, 1980 as to others, and September 26, 1980 as to still others. Due to constitutional challenges, the trial in the case was delayed for several years. Final judgment was entered May 22, 1986. This appeal and cross-appeal followed. Numerous issues are raised by the parties. Only two have merit and require discussion

The lessees contend that the judgment below erroneously awarded lessors severance damages with respect to the beach reserve not taken. We agree that, given the provisions in the leases with respect to the beach reserve, there were no severance damages because a unity of use was lacking. We therefore reverse those portions of the judgment awarding such damages.

The main issue argued by the parties in this case concerns whether blight of summons damages, which were fixed, as a matter of law, by the judge below, at five per cent, should have been awarded at all, and, if so, at what rate. Article I, Section 20 of the Constitution of the State of Hawaii provides: "Private property shall not be taken or damaged for public use without just compensation." When Hawaii became a state, it had long been established that blight of summons damages were an integral part of just compensation, where the date of valuation was fixed by statute at the date of summons. In *Honolulu v. Lord*, 36 Haw. 348 (1943), at page 354, this court said:

The application of equitable principles requires the payment of just compensation contemporaneously with the taking, and interest at a reasonable rate on the money representing the value of the property from that date until paid is a proper measure by which to ascertain the additional amount necessary to put the defendant in as good position pecuniarily as he would have been had his property not been taken. Nothing short of that constitutes "just" compensation.

After statehood, but dealing with takings which had occurred before statehood, this court stated in *In re Estate of Campbell,* 46 Haw. 475, 555, 382 P.2d 920 (1963):

[I]n order to compensate therefor the condemning authority must pay interest, subject to a set-off for rents received, so as to put the property owner in the same position as if payment had been made contemporaneously with the summons. . . .

In *City and County v. Bonded Investment Co.,* 54 Haw. 385, 507 P.2d 1084 (1973), where the City and County, in a taking for park purposes, had invoked the procedures set forth in HRS § 101-29, this court held that blight of summons damages would be limited to five per cent per annum of the amount of fair market value awarded in excess of the deposit.

Counsel for the lessees takes the basic position that we should ignore our previous decisions which held that blight of summons damages were an integral part of just compensation in cases where the date of valuation is fixed at the date of summons, and urges us to decide that blight of summons damages are not required to be allowed in these cases under Article I, Section 20 of the State Constitution.[1] Counsel for the lessors takes the position that the only

---

[1] Counsel for the lessees contends: (1) that that result is required by *Kirby Forest Industries v. United States,* 467 U.S. 1, 104 S.Ct. 2187, 81 L.Ed.2d 1 (1984) (We do not so read *Kirby* since there was no federal statutory equivalent of HRS § 516-24 there involved. If *Kirby* stood for the proposition cited by lessees' counsel, we would decline to follow it in determining just compensation under Article I, Section 20 of the Constitution of the State of Hawaii.); and (2) that somehow allowing such damages will frustrate the objectives of HRS Chapter 516. In *HHA v. Lyman,* 68 Haw. 55, 704 P.2d 888 (1985), we upheld HRS Chapter 516 as an exercise of the power of eminent domain. The exercise of the power of eminent domain carries with it the requirement that just compensation be paid. The objectives of the statute must be accomplished by constitutional means and we therefore reject counsel's second contention also.

measure of blight of summons damages for eminent domain purposes in this case are the then prevailing short-term market interest rates (approximately 17½% per annum) compounded daily. We find both positions impractical, unpalatable, unreasonable, and constitutionally flawed.

As an alternative position, the lessees contend that five per cent per annum, fixed as a matter of law under *City and County v. Bonded Investment Co., supra,* is the only permissible measure of blight of summons damages, while the lessors contend that we should overrule *Bonded Investment* on the ground that the result there achieved is unconstitutional. In our view, the rule laid down in *Bonded Investment* is limited to cases where the procedures available under HRS § 101-29 have been invoked, and therefore, there is no need, in this case, to reconsider the result in that case. The court below was incorrect in holding, as a matter of law, that it was limited in this case by the five per cent rule laid down in *Bonded Investment,* and accordingly, paragraph 3 of the judgment of May 22, 1986 is reversed.

At the evidentiary hearing on blight of summons damages, the lessors offered expert testimony as to short-term market interest rates which were available during the period from the date of valuation to the date of judgment. The lessees, on the other hand, sought to offer evidence of the appreciation in the condemned properties' fee value during that period, but that evidence was excluded. The lessees complain of that exclusion on this appeal. We agree that the evidence should have been admitted and considered by the court below. It has long been our rule that any evidence of value, not merely speculative, which might aid the trier of fact, should properly be admitted. *Cf. City and County v. Bishop Trust Co.,* 48 Haw. 444, 404 P.2d 373 (1965); *Territory v. Adelmeyer,* 45 Haw. 144, 363 P.2d 979 (1961); *State v. Pioneer Mill,* 64 Haw. 168, 637 P.2d 1131 (1981). That rule, we hold, is applicable, not only to evidence as to market value as of the date fixed by statute, but to evidence as to what rate of interest should be allowed as blight of summons damages for the purposes of just compensation. The judge below apparently felt constrained to refuse the proffered evidence because the lessees convinced him that he was bound to five per cent by *Bonded Investment* and the lessors convinced him that if he was not bound by five per cent, he had to accept short-

term market interest rates. Both were wrong.

As we have said, we reject (1) lessees' position that our constitution does not require that blight of summons damages be paid, (2) lessees' position that blight of summons damages are limited as a matter of law to five per cent by our holding in *Bonded Investment, supra,* (3) lessors' position that only an award of short-term market interest rates will effect just compensation, and (4) lessors' position that blight of summons damages will not equal just compensation unless they are compounded daily. We also reject, as a matter of law, *any* compounding of blight of summons damages.

With respect to leasehold condemnation actions under HRS Chapter 516 and HRS Chapter 101 (to the extent applicable to leasehold condemnation actions), as those statutory provisions apply to blight of summons damages as a part of just compensation, there are both procedural and substantive lacunae. Because there is much ongoing litigation under those provisions, we must, perforce, fill in those lacunae, and fashion a workable procedure for determining blight of summons damages in such cases. The proper amount of blight of summons damages, to effect just compensation in any case, is a matter of fact. Both interest rates and changes in the value of the property taken are relevant thereto but neither is binding as a matter of law under the standards set forth in *Lord* and *Campbell, supra.* There are, at any given time, numerous rates of interest available in the market depending on various factors including, but not limited to: the type of investment, the term of the investment, the type, if any, of security involved, and others. Moreover, all these rates may vary greatly during the period that an eminent domain case is pending. The rate of increase, or decrease, in the fee simple value of property condemned may also fluctuate wildly during such period. Determining blight of summons damages in any case will be difficult for the trial judge but no mechanistic formula will produce just compensation in all cases.

On remand, the court below should hold an evidentiary hearing and allow the parties to present any competent evidence, of matters not merely speculative, which would bear on the amount of blight of summons damages to be fixed as a part of just compensation, and then, considering that evidence, together with all the facts and circumstances of the case, make a finding of fact as to the amount of such damages, expressed as a rate of interest, which will, in this

particular case, effect an award of just compensation. From that amount, the rentals received by the lessors in the interim period from the valuation date to judgment must, of course, be deducted.

Reversed and remanded for further proceedings in accordance herewith.

*Rosemary T. Fazio (Clinton R. Ashford, Kirk T. Caldwell* and *Francis P. Hogan* with her on the briefs; *Ashford & Wriston* of counsel) for lessors.

*Corey Y.S. Park (Deborah A. Ching, Paul Johnson & Alston* of counsel; and *Richard J. Archer* with him on the briefs) for lessees.

On the briefs:

*Leila C. Tanaka* and *Renee Blondin-Nip,* Deputy Attorneys General, for Hawaii Housing Authority.